MEMORANDUM OPINION




No. 04-03-00863-CR



Mario GARIBAY,


Appellant



v.



The STATE of Texas,


Appellee



From the 79th Judicial District Court, Jim Wells County, Texas


Trial Court No. 03-02-11055-CR


Honorable Ricardo H. Garcia, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: January 5, 2005


AFFIRMED

 Mario Garibay was convicted by a jury of murder and sentenced to sixty years imprisonment.
On appeal, Garibay contends that trial counsel was ineffective in failing to take various actions in
relation to evidence of an extraneous offense and in failing to call various witnesses. Garibay also
contends that the trial court erred in failing to sua sponte include a reasonable doubt instruction in
the charge with regard to the extraneous offense. We affirm the trial court's judgment.

Background


 On December 1, 2000, officers responding to a 911 call discovered Noemi Charles Coburn
facedown on the ground in front of the computer business where she worked. Coburn had been shot.
Coburn was taken to the hospital where she later died. 

 During trial, Erica Lara testified that she was riding in a car with Garibay and two other men,
when Garibay stopped the car, exited and shot Coburn. Another waitress, Barbara Macias, testified
that Garibay and his brother were at a party at her house one night when a car drove by. Macias
heard the word murder yelled out and heard Mario respond "I did it." A third witness, Eldemiro
Villarreal, who was at the party at Macia's house heard Garibay say that he had shot the lady in the
back of the head. A fourth witness, Esteban Arroyo, testified that Garibay stabbed him in the neck
while Arroyo was giving Garibay a ride in his car. After stabbing Arroyo, Garibay stated, "Your
nephew is the one that put the finger on me for killing that bitch." Although Garibay testified and
presented witnesses who testified another person shot Coburn, the jury rejected Garibay's defensive
theory and convicted him.

Discussion


 Garibay's first nine points of error relate to Arroyo's testimony that Garibay stabbed him in
the neck. Garibay contends trial counsel was ineffective in failing to take numerous actions with
regard to Arroyo's testimony regarding the stabbing and that the admission of the testimony
prevented him from making an informed decision about testifying. In addition, Garibay contends that
the trial court should have sua sponte provided the jury with a reasonable doubt instruction relating
to the stabbing.

 To prevail on a claim for ineffective assistance of counsel, Garibay must show by a
preponderance of the evidence that counsel's performance was deficient, i.e., that his assistance fell
below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812-13 (Tex.
Crim. App. 1999). In addition, Garibay must show a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Id. "There is a strong
presumption that counsel's conduct fell within the wide range of reasonable professional assistance."
Id. at 813. "To defeat the presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness." Id. at 814. The fact that another attorney might have pursued another
trial strategy will not support a finding of ineffectiveness of counsel. Blott v. State, 588 S.W.2d 588,
592 (Tex. Crim. App. 1979).

 In this case, the record is silent regarding the actions Garibay contends that his trial counsel
failed to take, including failure to file a pre-trial motion, failure to file a motion in limine, failure to
object to Arroyo's testimony, failure to request a verbal limiting instruction, failure to request a
limiting instruction in the jury charge, and failure to object to the prosecution's elicitation of facts
regarding the stabbing. (1) We could speculate from the record that Garibay's counsel intended to use
the circumstances surrounding Garibay's alleged statement to impeach Arroyo's testimony by
showing that Garibay was acting in self defense; however, such speculation would not be material to
our holding. See Jackson v. State, 877 S.W.2d 768, 771-772 (Tex. Crim. App. 1994). Because the
record is silent, Garibay has failed to rebut the presumption that the decisions made by his attorney
with regard to Arroyo's testimony were the result of trial strategy. See Thompson, 9 S.W.3d at 814.
Garibay never asserted his complaint that he could not make an informed choice regarding his right
against self-incrimination before the trial court; therefore, this complaint is waived. Tex. R. App. P.
33.1. Finally, Garibay admitted that he was convicted of stabbing Arroyo based on his guilty plea;
therefore, the trial court was not required to include a reasonable doubt instruction. Bluitt v. State,
137 S.W.3d 51, 54 (Tex. Crim. App. 2004). Garibay's first nine points of error are overruled.

 In Garibay's last three points of error, Garibay contends that his trial counsel was ineffective
in failing to call three witnesses to testify for the defense. The record, however, is also silent
regarding the reason trial counsel elected not to call the witnesses. Accordingly, Garibay has failed
to rebut the presumption that counsel's conduct fell within the wide range of reasonable professional
assistance, and Garibay's last three points of error are overruled. Thompson, 9 S.W.3d at 813.

Conclusion


 The trial court's judgment is affirmed.

 Alma L. López, Chief Justice


DO NOT PUBLISH


1. Although Garibay filed a motion for new trial, the motion was not set for a hearing during the period the trial
court retained plenary jurisdiction. As a result, the motion was overruled by operation of law.