CAUDLE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-481-CR

        2-04-482-CR

CORY S. CAUDLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Cory S. Caudle appeals from his convictions for sexual performance by a child and unlawful restraint.  We affirm.

Background

The complainant in this case was V.S., a girl who was ten years old at the time of the events relevant to this appeal.  V.S. testified that Appellant, who was an “Elder” at the church attended by V.S.’s family, took her and her brother roller skating one afternoon.  Afterwards, Appellant took V.S. and her brother to his home and obtained their parents’ permission to have them sleep over at his house. 

V.S. testified that Appellant instructed the children to take showers; meanwhile, Appellant went into his back yard.  V.S. showered first.  When she was in the shower, she saw the sleeve and shoulder of a shirt—the same kind of shirt Appellant was wearing—through the bathroom window.  While her brother showered, V.S. dressed and started playing video games. 

V.S. testified that Appellant went back into the house and accused V.S. of not having showered.  When she told him that she had seen someone outside the bathroom window, he accused her of lying, told her that she deserved to be punished, and threatened to tell the church congregation and to “whup” her.  Appellant gave V.S. three options:  she could go home, she could have her brother bathe her, or she could let Appellant bathe her.  V.S. chose the first option, but Appellant told her she could not go home.  She then chose the second option, and Appellant withdrew that option, too.  Appellant told V.S. he would think of an appropriate punishment for her and left her in the bedroom. 

V.S. testified that when Appellant returned, he gave her a sleeping mask and told her to put the mask on and take off her clothes.  V.S. put the mask on, then took it off and asked to go home.  Appellant demanded that she take her clothes off and “beat[] [her] about three times.”  V.S. “finally did what [she] was told.” 

V.S. testified that she stood on the bed and, while wearing the mask, took off all of her clothes.  Appellant picked up V.S. and walked her to the bathroom.  He instructed V.S. to tell him where she saw someone through the window.  Appellant then hugged V.S. and told her that she was okay.  V.S. described the hug as “[l]ike if you were to cradle a baby” and testified that Appellant made her sit on his lap, squeezed her tight, and pushed her into himself.  He then allowed her to get dressed. 

V.S. and her brother remained at Appellant’s house until the next morning when he took them home.  V.S. told her mother what had happened, and her mother reported the incident to the police. 

A grand jury indicted Appellant for sexual performance by a child, indecency with a child, and unlawful restraint.  A jury convicted him of the sexual-performance and unlawful-restraint counts.  The trial court granted a mistrial on indecency with a child after the jury hung on that count.  The trial court sentenced Appellant to ten years’ imprisonment on the sexual-performance count and two years’ imprisonment probated for five years on the unlawful-restraint count.  These appeals followed.

Discussion

I.

In his first point, Appellant argues that the trial court erred by allowing the prosecutor to stand between V.S. and Appellant while the prosecutor examined V.S., thereby denying Appellant his constitutional right to confrontation.  The State argues that Appellant forfeited this complaint by failing to object at trial.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

While he was examining V.S., the prosecutor asked, “You had asked me to stand between you and the Defendant, right?”  V.S. answered, “Yes.”  Other than that question and answer, there is no reference in the record to where the prosecutor stood in reference V.S. and Appellant.  More importantly, Appellant did not object in any way to the prosecutor’s position.

We hold that Appellant forfeited this complaint by failing to raise it at trial.  We overrule his first point.

II.

In his second point, Appellant argues that the trial court erred by overruling his objection to a leading question.  His complaint arises from the following exchange, which took place while the prosecutor was questioning V.S. about the way Appellant hugged her:

Q.   Okay.  He squeezed you tight?

A.   Yes.

Q.   So your chest contacted him, didn’t it?

[DEFENSE COUNSEL]: Objection.  Leading, your honor.

THE COURT: Overruled.

A. I think so.

Q. (BY [PROSECUTOR]) How did you feel about that hug?

A. Uncomfortable.

Q. Okay.  You think that your chest touched him?

A. Yes. 

To preserve error, a party must continue to object each time the objectionable evidence is offered.  
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999); 
Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991), 
overruled on other grounds by 
Heitman v. State
, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991)
.
  
A party must object each time inadmissible evidence is offered or obtain a running objection.  
Valle v. State
, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.  
Id.

Assuming without deciding that the trial court erred by overruling Appellant’s leading-question objection, we hold the error was cured when the prosecutor elicited the same testimony without objection a moment later.  We overrule Appellant’s second point.

III.

In his third point, Appellant argues that the trial court erred by overruling his motion for directed verdict on the indecency-with-a-child charge.

A challenge to the denial of a motion for instructed verdict is actually a challenge to the legal sufficiency of the evidence.  
McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997); 
Franks v. State
, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

A person commits the offense of indecency with a child if, among other things, the person engages in sexual contact with the child or, with intent to arouse or gratify the sexual desire of any person, causes the child to expose any part of the child’s genitals.  
Tex. Penal Code Ann.
 §
 21.11(a)(1), (a)(2)(b) (Vernon 2003).  “Sexual contact” includes any touching, including touching through clothing, of a child’s anus, breast, or genitals if committed with the intent to arouse or gratify the sexual desire of any person.  
Id.
 § 21.11(c)(1).

Appellant argues that there is no evidence that he touched V.S.’s anus, breast, or genitals except for V.S.’s answer to the leading question made the basis of Appellant’s second point.  Having already overruled Appellant’s second point, we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant touched V.S.’s breast based on V.S.’s testimony.

Appellant next argues that there is no evidence of his intent to arouse or gratify the sexual desire of any person.  
In indecency cases, intent may be inferred from the accused’s conduct and remarks as well as the circumstances surrounding his actions.
  
McKenzie v. State,
 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); 
Turner v. State,
 600 S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980).  In this case, a rational juror could have inferred beyond a reasonable doubt that Appellant intended to arouse or gratify his sexual desire when he made V.S. don a sleeping-mask blindfold, stand on the bed, and strip naked while he watched.

Because there was legally sufficient evidence to support the indecency-with-a-child count, we hold that the trial court did not err by denying Appellant’s motion for directed verdict.  We overrule Appellant’s third point.

IV.

In his fourth point, Appellant argues that the trial court erred by charging the jury that it could find Appellant guilty of “sexual conduct or sexual performance” because there was legally insufficient evidence of sexual performance and the charge “would have misled the jury.”

At trial, Appellant first objected to the inclusion of sexual performance in the charge, 
then withdrew his objection, saying, “Actually, Your Honor, I’m going to withdraw that objection.  I’m fine with this charge.”  

In 
Bluitt v. State
, the court of criminal appeals held that a defendant’s affirmative statement that he has no objections to the charge is the equivalent to a failure to object, and that charge error in such circumstances must be addressed under the egregious-harm standard set out in 
Almanza v. State.  
137 S.W.3d 51, 53 (Tex. Crim. App. 2004) (citing 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)).  Appellant’s withdrawal of his objection is tantamount to an affirmative statement that he had no objection to the charge, and that is the equivalent of a failure to object.

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.
  In this case, we conclude that no error occurred.

Section 43.25 of the penal code defines the offense of sexual performance by a child.  
Tex. Penal Code Ann.
 §
 43.25 (Vernon Supp. 2005).  “A person commits an offense if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance.”  
Id.
 § 43.25(b).  “‘Sexual performance’ means any performance or part thereof that includes sexual conduct by a child younger than 18 years of age.”  
Id.
 § 43.25(a)(1).  “‘Performance’ means any play, motion picture, photograph, dance, or other visual representation that can be exhibited before an audience of one or more persons.”  
Id.
 § 43.25(a)(3).  “Sexual conduct” means, among other things, lewd exhibition of the genitals or any portion of the female breast below the top of the areola.  
Id. 
§ 43.25(a)(2).  The legislature has not defined “lewd exhibition.”

Appellant’s argument on this point is short and vague.  We infer that Appellant means to argue that there was legally insufficient evidence of a “performance.”  “Performance,” as defined by the legislature, includes exhibitions recorded on visual media, such as photographs and motion pictures.  
Id.
 § 43.25(a)(3).  But it also includes live, unrecorded exhibitions such as a dance or a play.  
Id.
  V.S. testified that Appellant made her put on a blindfold, stand on the bed, and strip naked in front of him.  A rational trier of fact could conclude beyond a reasonable doubt that this was a “performance” on par with a dance or play.  The fact that Appellant was the only other person in the room is immaterial; the definition of “performance” specifically includes an exhibition for an audience of one.

We hold that the trial court did not err by charging the jury on sexual performance, and we overrule Appellant’s fourth point.

V.

In his fifth and six points, Appellant argues that he was denied the effective assistance of counsel because his trial attorney withdrew his objection to the sexual-performance charge as described in point four and failed to object to the prosecutor’s second leading question as described in point two.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that counsel’s performance was deficient, which requires showing that counsel made such serious errors that he or she was not functioning as the “counsel” guaranteed by the Sixth Amendment.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  Counsel’s performance is only deficient if it fell below an objective standard of reasonableness measured by prevailing professional norms.  
Id
. at 688-89, 104 S. Ct. at 2065.  The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance.  
Bone v. State
, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002); 
Thompson
, 9 S.W.3d at 813-14.  Our scrutiny of counsel’s performance must be highly deferential, making every effort to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Second, appellant must show that counsel’s deficient performance prejudiced the defense; this requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial.  
Id. 
at 687, 104 S. Ct. at 2064.  Appellant must show that there is a reasonable probability that, if not for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id
. at 694, 104 S. Ct. at 2068.

A claim for ineffective assistance of counsel must be firmly grounded in, and affirmatively supported by, the record.  
Thompson
, 9 S.W.3d at 814; 
see Jackson v. State
, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  When the record is silent as to possible trial strategies employed by defense counsel, we will not speculate on the reasons for those strategies.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

There is a substantial risk of failure when a claim of ineffective assistance of counsel is brought on direct appeal.  
Thompson
, 9 S.W.3d at 813.  “Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel’s representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel’s conduct was reasonable and professional.”  
Bone
, 77 S.W.3d at 833.

This case demonstrates the “inadequacies inherent in evaluating ineffective assistance claims on direct appeal.”  
Patterson v. State
, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  Appellant filed motions for new trial, but the motions did not allege ineffective assistance of counsel and did not afford the trial court the opportunity to hold a hearing and inquire into the reasons for trial counsel’s acts or omissions.  Consequently, we cannot determine whether counsel’s actions were grounded in sound trial strategy because the record is silent as to possible trial strategies, and we will not speculate on the reasons for those strategies.  
See
 
Jackson,
 877 S.W.2d at 771; 
Patterson
, 46 S.W.3d at 306.  Therefore, Appellant’s ineffective assistance claims are better raised through an application for a writ of habeas corpus.  
Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon 2005); 
see Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (“[T]he record on direct appeal will generally ‘not be sufficient to show that counsel’s representation was so deficient as to meet the first part of the 
Strickland
 standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.’”); 
see also Bone
, 77 S.W.3d at 837 n.30 (“This resolution in no way affects appellant’s entitlement to re-urge this or other appropriate constitutional complaints on a writ of habeas corpus.”).

With regard to Appellant’s fifth point, in which he argues that his trial counsel rendered ineffective assistance when he withdrew his objection to the sexual-performance charge, we have already determined that the trial court did not err by charging the jury on sexual performance.  Therefore, we hold that counsel’s performance was not deficient with regard to the withdrawn objection.

We overrule Appellant’s fifth and sixth points.

Conclusion

Having overruled Appellant’s six points, we affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: April 20, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.