COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-04-481-CR

        2-04-482-CR

 

 

CORY S. CAUDLE                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Cory S. Caudle
appeals from his convictions for sexual performance by a child and unlawful
restraint.  We affirm.

                                            Background








The complainant in this case
was V.S., a girl who was ten years old at the time of the events relevant to
this appeal.  V.S. testified that
Appellant, who was an AElder@ at the church attended by V.S.=s family, took her and her brother roller skating one afternoon.  Afterwards, Appellant took V.S. and her
brother to his home and obtained their parents= permission to have them sleep over at his house. 

V.S. testified that Appellant
instructed the children to take showers; meanwhile, Appellant went into his
back yard.  V.S. showered first.  When she was in the shower, she saw the
sleeve and shoulder of a shirtCthe same kind of shirt Appellant was wearingCthrough the bathroom window. 
While her brother showered, V.S. dressed and started playing video
games. 

V.S. testified that Appellant
went back into the house and accused V.S. of not having showered.  When she told him that she had seen someone
outside the bathroom window, he accused her of lying, told her that she
deserved to be punished, and threatened to tell the church congregation and to Awhup@ her.  Appellant gave V.S. three options:  she could go home, she could have her brother
bathe her, or she could let Appellant bathe her.  V.S. chose the first option, but Appellant
told her she could not go home.  She then
chose the second option, and Appellant withdrew that option, too.  Appellant told V.S. he would think of an appropriate
punishment for her and left her in the bedroom. 








V.S. testified that when
Appellant returned, he gave her a sleeping mask and told her to put the mask on
and take off her clothes.  V.S. put the
mask on, then took it off and asked to go home. 
Appellant demanded that she take her clothes off and Abeat[] [her] about three times.@  V.S. Afinally did what [she] was told.@ 

V.S. testified that she stood
on the bed and, while wearing the mask, took off all of her clothes.  Appellant picked up V.S. and walked her to
the bathroom.  He instructed V.S. to tell
him where she saw someone through the window. 
Appellant then hugged V.S. and told her that she was okay.  V.S. described the hug as A[l]ike if you were to cradle a baby@ and testified that Appellant made her sit on his lap, squeezed her
tight, and pushed her into himself.  He
then allowed her to get dressed. 

V.S. and her brother remained
at Appellant=s house
until the next morning when he took them home. 
V.S. told her mother what had happened, and her mother reported the
incident to the police. 








A grand jury indicted
Appellant for sexual performance by a child, indecency with a child, and
unlawful restraint.  A jury convicted him
of the sexual-performance and unlawful-restraint counts.  The trial court granted a mistrial on
indecency with a child after the jury hung on that count.  The trial court sentenced Appellant to ten
years= imprisonment on the sexual-performance count and two years= imprisonment probated for five years on the unlawful-restraint
count.  These appeals followed.

                                             Discussion

                                                   I.

In his first point, Appellant
argues that the trial court erred by allowing the prosecutor to stand between
V.S. and Appellant while the prosecutor examined V.S., thereby denying
Appellant his constitutional right to confrontation.  The State argues that Appellant forfeited
this complaint by failing to object at trial.

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).








While he was examining V.S.,
the prosecutor asked, AYou had
asked me to stand between you and the Defendant, right?@  V.S. answered, AYes.@  Other than that question and answer, there is
no reference in the record to where the prosecutor stood in reference V.S. and
Appellant.  More importantly, Appellant
did not object in any way to the prosecutor=s position.

We hold that Appellant
forfeited this complaint by failing to raise it at trial.  We overrule his first point.

                                                   II.

In his second point,
Appellant argues that the trial court erred by overruling his objection to a
leading question.  His complaint arises
from the following exchange, which took place while the prosecutor was questioning
V.S. about the way Appellant hugged her:

Q.     Okay.  He squeezed you
tight?

A.     Yes.

Q.     So your chest contacted him, didn=t it?

[DEFENSE COUNSEL]:   Objection.  Leading, your honor.

THE COURT:       Overruled.

A.     I think so.

Q.     (BY [PROSECUTOR])    How did you feel about that hug?

A.     Uncomfortable.

Q.     Okay.  You think that your chest touched him?

A.     Yes. 








To preserve error, a party
must continue to object each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Ethington v.
State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court=s erroneous admission of evidence will not require reversal when other
such evidence was received without objection, either before or after the
complained-of ruling.  Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v. State, 803 S.W.2d
272, 291 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991), overruled
on other grounds by Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App.
1991).  A party must object each time
inadmissible evidence is offered or obtain a running objection.  Valle v. State, 109 S.W.3d 500, 509
(Tex. Crim. App. 2003).  An error in the
admission of evidence is cured where the same evidence comes in elsewhere
without objection.  Id.

Assuming without deciding
that the trial court erred by overruling Appellant=s leading-question objection, we hold the error was cured when the
prosecutor elicited the same testimony without objection a moment later.  We overrule Appellant=s second point.

                                                  III.

In his third point, Appellant
argues that the trial court erred by overruling his motion for directed verdict
on the indecency-with-a-child charge.








A challenge to the denial of
a motion for instructed verdict is actually a challenge to the legal
sufficiency of the evidence.  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997); Franks v. State, 90 S.W.3d 771, 789 (Tex. App.CFort Worth 2002, no pet.).  In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618, 620
(Tex. Crim. App. 2004).

A person commits the offense
of indecency with a child if, among other things, the person engages in sexual
contact with the child or, with intent to arouse or gratify the sexual desire
of any person, causes the child to expose any part of the child=s genitals.  Tex. Penal Code Ann. ' 21.11(a)(1), (a)(2)(b) (Vernon 2003). 
ASexual contact@ includes
any touching, including touching through clothing, of a child=s anus, breast, or genitals if committed with the intent to arouse or
gratify the sexual desire of any person. 
Id. '
21.11(c)(1).








Appellant argues that there
is no evidence that he touched V.S.=s anus, breast, or genitals except for V.S.=s answer to the leading question made the basis of Appellant=s second point.  Having already
overruled Appellant=s second
point, we hold that a rational trier of fact could have found beyond a
reasonable doubt that Appellant touched V.S.=s breast based on V.S.=s testimony.

Appellant next argues that
there is no evidence of his intent to arouse or gratify the sexual desire of
any person.  In indecency cases, intent
may be inferred from the accused=s conduct and remarks as well as the circumstances surrounding his
actions.  McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); Turner v. State, 600
S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980).  In this case, a rational juror could have
inferred beyond a reasonable doubt that Appellant intended to arouse or gratify
his sexual desire when he made V.S. don a sleeping-mask blindfold, stand on the
bed, and strip naked while he watched.

Because there was legally
sufficient evidence to support the indecency-with-a-child count, we hold that
the trial court did not err by denying Appellant=s motion for directed verdict. 
We overrule Appellant=s third point.

                                                  IV.

In his fourth point,
Appellant argues that the trial court erred by charging the jury that it could
find Appellant guilty of Asexual
conduct or sexual performance@ because there was legally insufficient evidence of sexual performance
and the charge Awould have
misled the jury.@








At trial, Appellant first
objected to the inclusion of sexual performance in the charge, then withdrew
his objection, saying, AActually,
Your Honor, I=m going to
withdraw that objection.  I=m fine with this charge.@  

In Bluitt v. State,
the court of criminal appeals held that a defendant=s affirmative statement that he has no objections to the charge is the
equivalent to a failure to object, and that charge error in such circumstances
must be addressed under the egregious-harm standard set out in Almanza v.
State.  137 S.W.3d 51, 53 (Tex. Crim.
App. 2004) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984)).  Appellant=s withdrawal of his objection is tantamount to an affirmative
statement that he had no objection to the charge, and that is the equivalent of
a failure to object.

Appellate review of error in
a jury charge involves a two-step process. 
Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If so, we must then evaluate
whether sufficient harm resulted from the error to require reversal.  Id. at 731-32.  In this case, we conclude that no error
occurred.








Section 43.25 of the penal
code defines the offense of sexual performance by a child.  Tex.
Penal Code Ann. ' 43.25
(Vernon Supp. 2005).  AA person commits an offense if, knowing the character and content
thereof, he employs, authorizes, or induces a child younger than 18 years of
age to engage in sexual conduct or a sexual performance.@  Id. ' 43.25(b).  A>Sexual performance= means any performance or part thereof that includes sexual conduct by
a child younger than 18 years of age.@  Id. ' 43.25(a)(1).  A>Performance= means any
play, motion picture, photograph, dance, or other visual representation that
can be exhibited before an audience of one or more persons.@  Id. ' 43.25(a)(3).  ASexual conduct@ means,
among other things, lewd exhibition of the genitals or any portion of the
female breast below the top of the areola. 
Id. '
43.25(a)(2).  The legislature has not
defined Alewd exhibition.@

Appellant=s argument on this point is short and vague.  We infer that Appellant means to argue that
there was legally insufficient evidence of a Aperformance.@  APerformance,@ as defined
by the legislature, includes exhibitions recorded on visual media, such as
photographs and motion pictures.  Id.
' 43.25(a)(3).  But it also
includes live, unrecorded exhibitions such as a dance or a play.  Id. 
V.S. testified that Appellant made her put on a blindfold, stand on the
bed, and strip naked in front of him.  A
rational trier of fact could conclude beyond a reasonable doubt that this was a
Aperformance@ on par with
a dance or play.  The fact that Appellant
was the only other person in the room is immaterial; the definition of Aperformance@
specifically includes an exhibition for an audience of one.








We hold that the trial court
did not err by charging the jury on sexual performance, and we overrule
Appellant=s fourth
point.

                                                   V.

In his fifth and six points,
Appellant argues that he was denied the effective assistance of counsel because
his trial attorney withdrew his objection to the sexual-performance charge as
described in point four and failed to object to the prosecutor=s second leading question as described in point two.








We apply a two-pronged test
to ineffective assistance of counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  First, appellant must show that
counsel=s performance was deficient, which requires showing that counsel made
such serious errors that he or she was not functioning as the Acounsel@ guaranteed
by the Sixth Amendment.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. 
Counsel=s
performance is only deficient if it fell below an objective standard of
reasonableness measured by prevailing professional norms.  Id. at 688-89, 104 S. Ct. at
2065.  The record must be sufficiently
developed to overcome a strong presumption that counsel provided reasonable
assistance.  Bone v. State, 77
S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at
813-14.  Our scrutiny of counsel=s performance must be highly deferential, making every effort to
eliminate the distorting effects of hindsight. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

Second, appellant must show
that counsel=s deficient
performance prejudiced the defense; this requires showing that counsel=s errors were so serious as to deprive the defendant of a fair
trial.  Id. at 687, 104 S. Ct. at
2064.  Appellant must show that there is
a reasonable probability that, if not for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.

A claim for ineffective
assistance of counsel must be firmly grounded in, and affirmatively supported
by, the record.  Thompson, 9
S.W.3d at 814; see Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim.
App. 1998).  When the record is silent as
to possible trial strategies employed by defense counsel, we will not speculate
on the reasons for those strategies.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

There is a substantial risk
of failure when a claim of ineffective assistance of counsel is brought on
direct appeal.  Thompson, 9 S.W.3d
at 813.  AUnder normal circumstances, the record on direct appeal will not be
sufficient to show that counsel=s representation was so deficient and so lacking in tactical or
strategic decisionmaking as to overcome the presumption that counsel=s conduct was reasonable and professional.@  Bone, 77 S.W.3d at 833.








This case demonstrates the Ainadequacies inherent in evaluating ineffective assistance claims on
direct appeal.@  Patterson v. State, 46 S.W.3d 294, 306
(Tex. App.CFort Worth
2001, no pet.).  Appellant filed motions
for new trial, but the motions did not allege ineffective assistance of counsel
and did not afford the trial court the opportunity to hold a hearing and
inquire into the reasons for trial counsel=s acts or omissions. 
Consequently, we cannot determine whether counsel=s actions were grounded in sound trial strategy because the record is
silent as to possible trial strategies, and we will not speculate on the
reasons for those strategies.  See
Jackson, 877 S.W.2d at 771; Patterson, 46 S.W.3d at 306.  Therefore, Appellant=s ineffective assistance claims are better raised through an
application for a writ of habeas corpus. 
Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon 2005); see Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003) (A[T]he record
on direct appeal will generally >not be sufficient to show that counsel=s representation was so deficient as to meet the first part of the Strickland
standard= as >[t]he
reasonableness of counsel=s choices
often involves facts that do not appear in the appellate record.=@); see also Bone, 77 S.W.3d at 837 n.30 (AThis resolution in no way affects appellant=s entitlement to re-urge this or other appropriate constitutional
complaints on a writ of habeas corpus.@).








With regard to Appellant=s fifth point, in which he argues that his trial counsel rendered
ineffective assistance when he withdrew his objection to the sexual-performance
charge, we have already determined that the trial court did not err by charging
the jury on sexual performance. 
Therefore, we hold that counsel=s performance was not deficient with regard to the withdrawn
objection.

We overrule Appellant=s fifth and sixth points.

                                             Conclusion

Having overruled Appellant=s six points, we affirm the trial court=s judgments.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:
April 20, 2006











[1]See Tex. R. App. P. 47.4.