**Maurice BLUITT, Appellant,**

v.

**The STATE of Texas.**

**No. 723–02.**

Court of Criminal Appeals of Texas.

June 9, 2004.

William Reagan Wynn, Fort Worth, for Appellant.

Anne Swenson, Asst. DA, David M. Curl, Asst. DA, Fort Worth, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

A jury convicted appellant of one count of indecency with a child by contact and sentenced him to twenty years confinement, the maximum term, and a $5,000 fine. At the guilt-innocence phase of trial, appellant testified and denied that he had inappropriately touched the alleged victim, who was his girlfriend's eight-year-old daughter. Appellant also testified that he had disciplined her with an open hand and that she had made the allegations because she was angry with him. The state, on cross-examination, introduced evidence of four prior convictions: a 1998 conviction for assault with bodily injury on a family member; two convictions, in 1992 and 1993, both for assault-domestic violence in Denver County, Colorado; and a 1982 conviction for fraud in Dallas County. During *voir dire* of appellant in the absence of the jury, appellant admitted numerous other offenses, and state's exhibits 4, 5, and 6, concerning four of those offenses, were offered and admitted into evidence without objection.

At the punishment phase of trial, the state re-offered all of the evidence previously presented, including state's exhibits 4, 5, and 6. Exhibit 4 showed a two-year misdemeanor probation for assault and a four-year deferred adjudication for kidnapping/sexual assault in 1998 in Arapahoe County, Colorado. Exhibit 4A, included in the record on appeal, contains the terms and conditions for those probations. There was nothing to indicate that either probation had been revoked or adjudicated. *Exhibit 5* showed a deferred adjudication for sexual assault in 1987 in Dallas County, Texas. Exhibit 5A, included in the record on appeal, shows that appellant had discharged that deferred adjudication. Exhibit 6 showed a 1998 conviction for misdemeanor Class A assault on a family member in Tarrant County, Texas.

On appeal, appellant claimed that, at punishment, the trial court erred in failing to instruct the jury that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that appellant committed those offenses. The state argued that appellant had waived his right to complain of the failure to instruct because his counsel affirmatively stated on the record that he had no objection to the jury charge. The court of appeals reviewed the case law noted by the parties and then, citing *Webber v. State*, 29 S.W.3d 226 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd), held that no distinction should be drawn between waiver by silence and waiver by an affirmative approval where there is jury-charge error. The court of appeals further held that the trial court's failure to include the required reasonable-doubt instruction was error. *Bluitt v. State*, 70 S.W.3d 901, 906 (Tex.App.-Fort Worth 2002). The court of appeals then reviewed the record for evidence of egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985).

In making that determination, the court of appeals noted that *Huizar v. State*, 12 S.W.3d 479 (Tex.Crim.App.2000)(op. on reh'g), and *Almanza* direct the courts of appeals to "review the degree of harm in light of the entire jury charge, the state of the evidence, including contested evidence and the weight of probative evidence, the argument of counsel and any other relevant information" shown by the record. *Id.*

Based on its findings that: 1) during closing argument, the prosecutors focused on the extraneous-offense evidence; 2) the issue of guilt was hotly contested; and 3) the jury returned the maximum term of imprisonment, the court of appeals con-

cluded that "the failure to properly include the reasonable-doubt instruction was egregious and likely resulted in an unfair trial on punishment." *Id.* The court of appeals then reversed the judgment of the trial court and remanded for a new punishment hearing. While the language of its opinion is somewhat unclear, the court of appeals clearly based its ruling on the effect of the failure to include the instruction on reasonable doubt with regard to extraneous offenses. As set out in *Huizar* and *Almanza*, the failure to instruct resulted in egregious harm if, because of the failure, appellant failed to receive a fair and impartial trial. *See Huizar,* at 485; *Almanza,* at 160.

The state raises three grounds for review: 1) the court of appeals erroneously held that the Code of Criminal Procedure, art. 37.07, § 3(a)(1), requires a defendant's prior criminal convictions (as opposed to other offenses or bad acts committed by the defendant) that are introduced into evidence at the punishment phase to be proved beyond a reasonable doubt; 2) the court of appeals misapplied the standard for egregious harm under *Almanza*; and 3) the court of appeals erroneously ruled that, even though appellant affirmatively stated to the trial court that he had no objection to the jury charge, appellant was nevertheless entitled to appellate review of the alleged charge error under *Almanza.*

### Preservation of Ability to Complain on Appeal

In its third ground for review, the state argues that appellant waived his ability to complain on appeal about the refused jury instruction because, when the trial court inquired if there were objections to the proposed punishment jury instructions, appellant responded, "No." The issue here is the effect of an affirmative denial of objection as opposed to failure to object.

■ Our case law is clear that when there is jury-charge error, whether objected to or not objected to, the standard for assessing harm is controlled by *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985). Although *Almanza* does not explicitly resolve the question of the effect of an affirmative statement that there are no objections to the charge, it does speak to an "error in the charge [that] was the subject of a timely objection in the trial court" and an error to which "no proper objection was made at trial." *Almanza* at 171. The possible consequences of error in the charge are thus limited to two and are determined by whether timely objection was made in the trial court. An affirmative denial of objection is clearly not a timely objection, so it must be governed by the rules for failure to object. We hold that an affirmative denial of objection, as in this case, shall be deemed equivalent to a failure to object. An appellant may raise such unobjected-to charge error on appeal, but may not obtain a reversal for such error unless it resulted in egregious harm. The state's third ground for appeal is overruled.

### Failure to Give Requested Jury Instruction

In its first ground for review, the state argues that the trial court did not err in failing to instruct the jury that extraneous offenses must be proved beyond a reasonable doubt. Although the state raises this issue for the first time, having conceded in the court of appeals that the instruction should have been given, reviewing that issue is appropriate to our resolution of the cause before us; we cannot assess whether the court of appeals properly applied the correct standard for harm from charge error until we have determined whether there was error.

■ Article 37.07, § 3, of the Code of Criminal Procedure provides that, after a finding of guilt, evidence may be offered by either party as to any matter that the court deems relevant to sentencing, including but not limited to: 1) the prior criminal record of the defendant; 2) the general reputation of the defendant; 3) the character of the defendant; 4) an opinion regarding the reputation of the defendant; 5) the circumstances of the offense on trial; and, 6) extraneous offenses and bad acts that are shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. The only types of evidence for which a burden of proof is articulated are unadjudicated offenses and bad acts.

■ Under our statutory construction standards, we are to use the plain language of the statute unless the language is ambiguous or would produce absurd results. *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991). We do not find the language ambiguous. The criminal record of the defendant is not grouped with extraneous offenses, and therefore we presume that the legislature did not intend to require the same burden of proof that it attached to extraneous, unadjudicated offenses. While the prior convictions must be properly proved, to require that prior convictions be re-proved beyond a reasonable doubt would be an absurd result, as the very fact of conviction is evidence that the burden of proving guilt beyond a reasonable doubt has already been met in a prior proceeding. The critical issue is that testing of the proof. If an offense has been subject to such scrutiny and the burden of proof has been met, regardless of whether the judicial proceeding concluded with a final conviction, it is part of a defendant's criminal record, and Art. 37.03, § 3, does not require further proof of guilt beyond a reasonable doubt.

In this case, the punishment-phase evidence of prior offenses committed by appellant included one final conviction, a discharged deferred adjudication, and a probation and a second deferred adjudication for which there was no evidence of revocation or adjudication. All of these offenses had been admitted to by appellant during the guilt/innocence phase, thus identity was not an issue.

In any final conviction, the evidence was subjected to judicial testing of guilt with a standard of proof of beyond a reasonable doubt, and the burden of proof was met. In any probation, the defendant has plead guilty or been found guilty by a judge or jury. In any deferred adjudication, the defendant has plead guilty, and the court has found sufficient evidence to support a finding of guilty. In all these circumstances, the burden of proof has been met. Thus, in all such cases no further proof of guilt is required.

The trial court did not err in refusing to give the requested instruction when, as here, all of the evidence as to appellant's criminal behavior was in the form of prior offenses which had been subjected to judicial testing under the proper burden and the burden had been met. Giving such an instruction is a useless act if no unadjudicated offenses have been introduced. The state's first ground for review is sustained.

Because failure to give the instruction in this case was not error, no harm to appellant resulted from the lack of such an instruction. We therefore do not reach the state's second ground for appeal, and it is dismissed.

The judgment of the court of appeals is reversed, and the cause is remanded for further consideration in conformity with this opinion.