COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-306-CR
 
  
LONNIE 
LEE GARRETT                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        A 
jury convicted Appellant Lonnie Lee Garrett of aggravated assault of a public 
servant, and the trial court sentenced him to thirty years’ confinement in the 
Institutional Division of the Texas Department of Criminal Justice as a habitual 
offender.  Appellant brings two points on appeal, arguing that the 
erroneous jury charge violated his right to due process and caused him to suffer 
egregious harm.  Because we hold that the erroneous charge did not cause 
Appellant egregious harm or violate his right to due process, we affirm the 
trial court’s judgment.
Background 
Facts
        At 
1:40 a.m. in Arlington, Texas, Appellant drove on to a wet and slippery entrance 
ramp to Interstate 30, lost control of his pickup truck, and hit a firefighter, 
Kurt Kundert, who was putting cones and flares out on the road to signal that an 
accident had occurred.  Kundert and Officer Brian Hamilton were replacing 
flares that had burned out and adding additional flares and cones because prior 
to Appellant’s loss of control, at least two other cars had slid through the 
area marked with the flares and cones.
        When 
Appellant’s truck came to a stop, Hamilton pulled Appellant out of the 
vehicle.  Hamilton smelled alcohol and asked Appellant to perform field 
sobriety tests.  In Hamilton’s opinion, Appellant failed the tests, so he 
arrested him.  After Appellant arrived at the police station, he again 
performed the field sobriety tests, which he passed.  At the jail, Hamilton 
heard Appellant say that it was not his fault that he hit the firefighter 
because the firefighter ran out in front of him.
        Appellant 
was charged with aggravated assault of a public servant with a deadly weapon 
causing serious bodily injury, aggravated assault of a public servant with a 
deadly weapon causing bodily injury, and intoxication assault.  At trial, 
the State waived the intoxication assault charge.  The trial court 
instructed the jury that “[t]he actor is presumed to have known the person 
assaulted was a public servant if the person was wearing a distinctive uniform 
or badge indicating the person’s employment as a public servant.”  
After eight hours of deliberation spanning two days, the jury found Appellant 
guilty of aggravated assault of a public servant causing serious bodily injury, 
but there was no deadly weapon finding.
Legal Analysis
A. Standard of Review
        Appellate 
review of error in a jury charge involves a two-step process.[1]  
Initially, we must determine whether error occurred.[2]  
If so, we must then evaluate whether sufficient harm resulted from the error to 
require reversal.[3]  Error in the charge, if 
timely objected to in the trial court, requires reversal if the error was 
“calculated to injure the rights of the defendant,” which means no more than 
that there must be some harm to the accused from the error.[4]  In other words, a properly preserved error will call 
for reversal as long as the error is not harmless.[5]  
On the other hand, unobjected to error in a jury charge does not require 
reversal unless we determine that an appellant suffered egregious harm, 
that is, such harm that the appellant did not have a fair and impartial trial.[6]  In cases involving unobjected to error, we apply the 
article 36.19 and Almanza egregious harm analysis regardless of whether 
the appellant affirmatively accepts the charge of the court.[7]  
In making this determination, “the actual degree of harm must be assayed in 
light of the entire jury charge, the state of the evidence, including the 
contested issues and weight of probative evidence, the argument of counsel and 
any other relevant information revealed by the record of the trial as a 
whole.”[8]
B. Presumptions
        Appellant 
correctly argues that mandatory presumptions are unconstitutional because they 
relieve the State of its burden of proving guilt beyond a reasonable doubt.[9]  Consequently, as the State acknowledges, when the 
trial court includes any jury charge language regarding a legal presumption, the 
trial court must also submit the jury instruction required by section 2.05(2) of 
the Texas Penal Code.[10]  Section 2.05 
provides:
  
When this code or another penal law establishes a presumption with respect to 
any fact, it has the following consequences:
 
(1) 
if there is sufficient evidence of the facts that give rise to the presumption, 
the issue of the existence of the presumed fact must be submitted to the jury, 
unless the court is satisfied that the evidence as a whole clearly precludes a 
finding beyond a reasonable doubt of the presumed fact; and
 
(2) 
if the existence of the presumed fact is submitted to the jury, the court shall 
charge the jury, in terms of the presumption and the specific element to which 
it applies, as follows:
 
(A) 
that the facts giving rise to the presumption must be proven beyond a reasonable 
doubt;

(B) 
that if such facts are proven beyond a reasonable doubt the jury may find that 
the element of the offense sought to be presumed exists, but it is not bound to 
so find;

(C) that even 
though the jury may find the existence of such element, the state must prove 
beyond a reasonable doubt each of the other elements of the offense charged; and

(D) 
if the jury has a reasonable doubt as to the existence of a fact or facts giving 
rise to the presumption, the presumption fails and the jury shall not consider 
the presumption for any purpose.[11]
  
 
        The 
instruction converts what would otherwise be a mandatory presumption into a 
permissive presumption.  Permissive presumptions do not lessen the 
State’s burden of proof.[12] A permissive 
presumption permits, but does not require, the fact finder to find a presumed 
fact upon proof of the predicate fact.[13]  It 
places no burden on the accused to disprove the presumed fact.[14]
C. Application
        In 
the case now before this court, the trial court instructed the jury that 
“[t]he actor is presumed to have known the person assaulted was a public 
servant if the person was wearing a distinctive uniform or badge indicating the 
person’s employment as a public servant.”  The trial court did not, 
however, include a section 2.05 instruction.  The charge was therefore 
clearly erroneous.
        Although 
the trial court asked for objections to the proposed jury charge, Appellant’s 
trial counsel stated, “None from the Defense.”  On appeal, however, 
Appellant argues that the erroneous jury instruction constituted denial of due 
process.  Because Appellant did not object at trial to the error in the 
court’s charge, we must decide whether egregious harm occurred.[15]
        Appellant 
correctly points out that aggravated assault, ordinarily a second degree felony, 
is elevated to a first degree felony when it is committed against a person the 
defendant knows is a public servant while the public servant is lawfully 
discharging an official duty.[16]  Appellant’s 
knowledge that the complainant was a public servant lawfully discharging an 
official duty is the element to which the presumption relates.  In addition 
to the presumption instruction, however, the jury charge correctly instructs the 
jury that this knowledge element is an element the State is required to 
prove.  Additionally, as the State points out, the charge also instructs 
the jury that the prosecution has the duty of proving each and every element of 
the offense charged beyond a reasonable doubt.  Failure to do so requires 
acquittal. Furthermore, the application paragraph includes the instruction that 
the jury must find that Appellant “knew that [the complainant] was a public 
servant in order to convict.”
        Our 
review of the evidence reveals that Appellant, a short time after Complainant 
was struck by Appellant’s vehicle, referred to Complainant as a 
firefighter.  Additionally, the record and statements of counsel do not 
indicate that Appellant’s awareness that Complainant was a firefighter was a 
contested issue.  Nor does the record indicate that Appellant’s awareness 
that Complainant was engaged in the lawful discharge of his official duties was 
a contested issue at trial, although the record does not contain an admission 
that Appellant was aware of this circumstance.  The record does reflect 
that Complainant was putting out cones and flares and dressed in distinctive 
clothing that Appellant recognized as that of a firefighter.  It also 
reflects that two police cars and a fire engine, all with their emergency lights 
flashing, were visible at the accident scene at the time Appellant drove into 
it.
        Based 
upon our review of the entire record, we conclude that the omission of the 
section 2.05 instruction, although error, did not cause Appellant egregious 
harm. Appellant also argues that the error constituted denial of due process, 
but in light of the record before us, we similarly hold that the error did not 
constitute a denial of due process.  We overrule Appellant’s two points 
on appeal.
Conclusion
        Having 
overruled Appellant’s two points, we affirm the trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
  
PANEL 
B:   DAUPHINOT, HOLMAN, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
January 6, 2005

NOTES
 
1.  Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. 
App. 1994).
2.  
Id.
3.  
Id. at 731-32.
4.  
Tex. Code Crim. Proc. Ann. art. 
36.19 (Vernon 1981); see also Abdnor, 871 S.W.2d at 731-32; Almanza v. 
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).
5.  
Almanza, 686 S.W.2d at 171.
6.  
Id.; see TEX. CODE CRIM. PROC. ANN. 
art. 36.19; Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).
7.  
Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004).
8.  
Hutch, 922 S.W.2d at 171; Almanza, 686 S.W.2d at 171; see also 
Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).
9.  
Francis v. Franklin, 471 U.S. 307, 317, 105 S. Ct. 1965, 1972 (1985); Sandstrom 
v. Montana, 442 U.S. 510, 524, 99 S. Ct. 2450, 2459 (1979).
10.  
Tex. Penal Code Ann. § 2.05(2) 
(Vernon 2003).
11.  
Id. § 2.05.
12.  
Willis v. State, 790 S.W.2d 307, 310 (Tex. Crim. App. 1990).
13.  
Id.
14.  
Id.
15.  
Bluitt, 137 S.W.3d at 53; Almanza, 686 S.W.2d at 171; see TEX. CODE CRIM. PROC. ANN. art. 36.19; Hutch, 922 S.W.2d at 171.
16.  
Tex. Penal Code Ann. § 22.02(a)(1), (b)(1) (Vernon 
Supp. 2004-05).