Opinion issued April 27, 2006








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01181-CR




DERWICK EUGENE WILKENS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 953645




MEMORANDUM OPINION
          Appellant, Derwick Eugene Wilkens, appeals from a conviction for the second-degree felony offense of burglary of a habitation. See Tex. Pen. Code Ann. §
30.02(a) & (c)(2) (Vernon 2003). Appellant pleaded not guilty to an indictment that
alleged that, without consent, he entered the habitation of Melvin Williams, the
complainant, with the intent to commit theft. A jury found appellant guilty, and the
trial court assessed punishment at eight years’ confinement. In his two issues,
appellant asserts that the trial court’s response to a question posed by the deliberating
jury was harmful error because (1) the trial court failed to follow procedural rules that
control a trial court’s communications with a deliberating jury and (2) the trial court’s
substantive answer to the jury’s question assumed the truth of the State’s testimonial
evidence and conveyed the trial court’s opinion that appellant was guilty. We affirm.
Background
          On June 7, 2003, the complainant’s apartment was burglarized when he was
not at home. The complainant’s neighbor saw two men knock on the door of the
apartment, go to the parking lot, return to the apartment with an unknown object, and
attempt to open the door. The men then kicked open the door to the apartment. The
men made several trips back and forth from the apartment to a car that was parked in
front of the apartment building, loading the car with the complainant’s television,
CDs and DVDs. The men ran off when deputy sheriffs arrived. The neighbor who
had called the police while the men were in the course of the burglary spoke to the
deputies that day about her observations. 
          When the men ran away, they abandoned their car near the complainant’s
apartment. The police officers’ search of the car, which had been reported stolen by
appellant’s mother, revealed that property belonging to the complainant was inside
the car and a photograph of the co-defendant was inside the glovebox of the car.


 
The investigator placed appellant’s and the co-defendant’s photographs in
photographic arrays and showed the arrays to the neighbor, who positively identified
appellant and appellant’s co-defendant as the two people whom she had seen entering
the complainant’s apartment. 
          At trial, appellant presented witnesses who testified that appellant was with
them all day on the day that the burglary occurred. One of appellant’s witnesses
testified that she had to pick him up and to drop him off on the day in question
because his car was not working.
          At trial, during jury deliberations, the jury sent a note to the trial court that
asked, “Which window did [the neighbor] testify she viewed the defendant from?” 
The trial court replied, “The transcript does not state which window she was looking
out of when she saw the kick-in because that testimony was done through
demonstration. Therefore, you must recall the demonstration that was done to answer
your question.” Appellant asserted no objections to either the procedure used by the
trial court to answer the question by the jury or the substantive answer to the question. 
Appellant did not file a motion for new trial or request a motion-for-new-trial hearing.Trial Court’s Substantive Answer to Jury’s Question
          Within his second issue, appellant contends that he is entitled to a new trial
because he was egregiously harmed by the trial court’s violation of article 36.14 of
the Texas Code of Criminal Procedure. 
          Article 36.14 of the Code of Criminal Procedure states the requirements for the
trial court’s jury charge. Article 36.14 requires that the trial court deliver to the jury
a written charge distinctly setting forth the law applicable to the case; 
not expressing any opinion as to the weight of the evidence, not
summing up the testimony, discussing the facts or using any argument
in his charge calculated to arouse the sympathy or excite the passions of
the jury.

Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005). A trial court’s
substantive answer to a jury question during deliberations is considered an additional
or supplemental instruction to the jury that is governed by the requirements of article
36.14 of the Code of Criminal Procedure. Daniell v. State, 848 S.W.2d 145, 147
(Tex. Crim. App. 1993). We, therefore, consider the law governing jury charges as
the pertinent law for determining the propriety of the trial court’s substantive answer
to the jury’s question. See id.

          Appellant asserts that the substantive answer to the jury’s question “assumed
the truth of testimony of the State’s eyewitness against appellant and conveyed the
trial court’s opinion that appellant was guilty of the ‘kick-in.’” Appellant specifically
argues that the trial court’s response commented on the weight of the evidence by (1)
calling attention to the demonstration, rather than to the testimony about which the
jury inquired; (2) stating that the witness “saw the kick-in,” rather than phrasing it
in the language used by the jury, “testif[ied] she viewed;” and (3) using the phrase,
“kick-in,” which, in association with appellant, is argumentative and could create fear
and other emotional responses in the jury. 
          On appeal, the State acknowledges that the trial court’s response to the jury
“obviously could have been better worded” and that “the trial court’s response could
be construed as a comment on the weight of the evidence.” Although the State
apparently concedes that the trial court’s response to the jury improperly commented
on the weight of the evidence in violation of article 36.14 of the Code of Criminal
Procedure, the State asserts that appellant waived any error by presumptively agreeing
to the charge.
          The State, relying on Green v. State, contends that appellant presumptively
agreed to the substantive answer by the trial court and, therefore, waived error. 912
S.W.2d 189 (Tex. Crim. App. 1995). A defendant presumptively agrees to a 
substantive answer by a trial court and waives error when the record is silent
concerning the trial court’s response to the jury because an appellate court presumes
that the trial court’s response to the question from the jury was in open court, in
appellant’s presence, and agreed to by appellant. Id. at 192–93. In Green, as here,
(1) the record did not reflect any objection to the trial court’s response to the jury’s
question, (2) the defendant asserted that he had no opportunity to object to the trial
court’s response to the jury because the record was silent with regard to whether the
trial court’s response was in open court and in appellant’s presence, and (3) the
defendant asserted a complaint under article 36.14 of the Code of Criminal Procedure
that the trial court’s answer improperly gave an instruction on a factual matter and
improperly commented on the weight of the evidence. See id. Because appellant’s
circumstances here are indistinguishable from those in Green, we must presume that
the response to the jury question was read in open court in appellant’s presence, that
he had the opportunity to object, and that appellant agreed to the response. See id. 
Thus, error, if any, is waived. See id.; see also Prystash v. State, 3 S.W.3d 522, 532
(Tex. Crim. App. 1999) (holding that party may not complain on appeal of inclusion
or omission of jury charge requested by party).
           Despite the holding in Green, appellant contends that his lack of objection at
trial to the trial court’s substantive answer to the question requires an Almanza
analysis for egregious harm. See Alamanza v. State, 686 S.W.2d 157 (Tex. Crim.
App. 1984). Almanza provides that when a defendant fails to object at trial to an
erroneous jury charge, his conviction may be reversed upon a showing that the error
resulted in egregious harm. 686 S.W.2d at 171. Like appellant, Green asserted that
the silent record must be interpreted as the defendant’s failure to object at trial to the
trial court’s response, entitling him to an egregious-harm analysis under Almanza. 
Green, 912 S.W.2d at 193. However, the Court of Criminal Appeals rejected the 
applicability of Almanza because it held that the silent record must be interpreted as
the defendant’s presumptive agreement to the trial court’s response. See id. The
court explained, 
Since we presume the trial court’s response was in open court and in
appellant’s presence, we also presume appellant agreed to it. Therefore,
appellant waived any error and the Almanza standard is inapplicable.
 
Green, 912 S.W.2d at 193. Appellant’s presumptive agreement to the trial court’s
response to the jury, that is, his presumptive agreement to the jury charge, waives
error under Almanza because appellant has no right to assert harm from a jury charge
that he agreed to submit to the jury. See id. But see Bluitt v. State, 137 S.W.3d 51,
53 (Tex. Crim. App. 2004) (holding appellant may still complain of egregious harm
in jury charge even though he stated “no objection” to charge before the trial court). 
          Accordingly, we hold that appellant waived the right to complain about the trial
court’s response to the jury’s question. Trial Court’s Procedures in Answering Jury’s Question
          Within his second issue, appellant also contends that the trial court violated
article 36.16 of the Texas Code of Criminal Procedure because he was not allowed
the opportunity to object to the supplemental jury charge. See Tex. Code Crim.
Proc. Ann. art. 36.16 (Vernon Supp. 2005). Additionally, in his first issue, appellant
contends that the trial court violated article 36.27 because the trial court did not
follow the procedure dictated in that article to answer the jury’s question. See id. art.
36.27. 
          Unlike article 36.14, which, as discussed above, controls the substantive
content of the jury charge, articles 36.16 and 36.27 of the Code of Criminal Procedure
are procedural rules for the trial court. Article 36.16 provides that if any jury charge
is provided after argument begins, the defendant must have the same opportunity to
object as with the initial jury charge. Id. art. 36.16. Article 36.27 of the Code of
Criminal Procedure governs the procedure that a trial court must follow when
answering a question from the jury. Article 36.27 states as follows:
The court shall answer any such communication in writing, and before
giving such answer to the jury shall use reasonable diligence to secure
the presence of the defendant and his counsel, and shall first submit the
question and also submit his answer to the same to the defendant or his
counsel or objections and exceptions, in the same manner as any other
written instructions are submitted to such counsel, before the court gives
such answer to the jury, but if he is unable to secure the presence of the
defendant and his counsel, then he shall proceed to answer the same as
he deems proper. The written instruction or answer to the
communication shall be read in open court unless expressly waived by
the defendant.
Id. art. 36.27. 
          In the absence of a record that shows that appellant was denied the opportunity
to object, error, if any, is waived. See Green, 912 S.W.2d at 192 (stating that in
absence of record that shows contrary, appellate court presumes that trial court’s
response was in open court and in appellant’s presence, as required by article 36.27,
and that appellant had an opportunity to object). As discussed above, the record does
not affirmatively show that appellant was denied an opportunity to object; it is silent
on the issue. We must, therefore, presume that appellant had an opportunity to object. 
See Green, 912 S.W.2d at 192. We conclude that appellant has not shown that the
trial court committed error under articles 36.16 or 36.27 of the Code of Criminal
Procedure. 
          Appellant contends, however, that his lack of objection at trial to the trial
court’s procedures in answering the jury’s question requires an Almanza analysis for
egregious harm. See Alamanza, 686 S.W.2d at 171. Almanza applies only to a
substantive response by the trial court and not to procedures used by the trial court
in relaying a substantive response. See Daniell, 848 S.W.2d at 147–48 nn.3–4
(noting that trial court’s response to jury question constituted charge to jury that is
controlled by article 36.19 and Almanza, but procedure is governed by article 36.27);
Green, 912 S.W.2d at 192 (holding that failure by defendant to object to trial court’s
answer to question waived complaint by defendant that trial court failed to follow
requisites of article 36.27 of Code of Criminal Procedure). Almanza is therefore
inapplicable to the procedural complaints asserted by appellant.
          We conclude that because the record is silent regarding the procedures
employed by the trial court in answering the jury’s question and fails to show either
an objection by appellant or a denial of the opportunity for appellant to object to the
procedures employed by the trial court in answering the jury’s question, we must
presume that the trial court followed the procedures required by the Code of Criminal
Procedure. See Green, 912 S.W.2d at 192. We hold that appellant waived his
complaint concerning the procedures employed by the trial court in answering the
jury’s question. 
          We overrule appellant’s first and second issues.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Do Not Publish. See Tex. R. App. P. 47.2(b).