In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-454 CR


____________________



TAMECCA SHONTA HENDERSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 91243






MEMORANDUM OPINION


 A jury convicted appellant Tamecca Shonta Henderson of causing serious bodily
injury to a child by failing to provide food and medical care. See Tex. Pen. Code Ann. §
22.04(a)(1), (e) (Vernon Supp. 2006). (1) The trial court assessed punishment at twenty years
of confinement. In two issues on appeal, Henderson contends the indictment was
fundamentally defective because it omitted an element of the offense and the trial court
committed fundamental error by omitting an element of the offense from the jury charge. We
affirm.

 In her first issue, Henderson asserts the indictment was fundamentally defective
because it did not allege that she owed a legal duty to the child or had care, custody, or
control of the child. See Tex. Pen. Code Ann. § 22.04(b)(1), (2) (Vernon Supp. 2006). (2) The
record reflects Henderson did not raise this issue before trial. Therefore, she has not
preserved the issue for our review. See Studer v. State, 799 S.W.2d 263, 271 (Tex. Crim.
App. 1990); Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005); Tex. R. App. P.
33.1(a). We overrule issue one.

 In issue two, Henderson argues the trial court fundamentally erred by omitting from
the jury charge the element that she owed a duty to the child or had care, custody, or control
of the child. The record reflects Henderson did not raise this objection in the trial court. 
When no objection to the alleged charge error was made at trial, an appellate court will
reverse only if the error caused egregious harm. Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984). In assessing the degree of harm, an appellate court must examine
the entire jury charge, the state of the evidence, the arguments of counsel, and any 
other relevant information from the record. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim.
App. 1996); Almanza, 686 S.W.2d at 171. Egregious harm exists if Henderson did not
receive a fair and impartial trial as a result of the alleged charge error. See Bluitt v. State, 137
S.W.3d 51, 53 (Tex. Crim. App. 2004). 

 Henderson testified that she was the child's mother. Therefore, the existence of a
legal duty to the child was not an issue at trial. See Tex. Fam. Code Ann. § 151.001(a)(2), 
(3) (Vernon Supp. 2006) (3) (Parent owes duty to care for her child, including the duty to
provide the child with food and medical care.); see generally Prescott v. State, 123 S.W.3d
506, 512 (Tex. App.--San Antonio 2003, no pet.) (When uncontroverted testimony showed
that appellant was the victim's parent, it was not necessary for the State to present evidence
that appellant had care, custody, or control of the victim.). Because Henderson's
uncontroverted testimony established that she was the child's mother, the omission from the
charge of a question asking the jury to determine that Henderson owed a duty to the child did
not constitute egregious harm. We overrule issue two and affirm the judgment of the trial
court.

 AFFIRMED. 

 

 

 STEVE McKEITHEN

 Chief Justice

Submitted on July 19, 2006

Opinion Delivered August 23, 2006

Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. Because subsections 22.04(a)(1), (e) have not substantively changed since 1993, we
cite the current version.
2. Because subsections 22.04(b)(1), (2) have not substantively changed since 1993, we
cite the current version.
3. Because subsections (2) and (3) of the statute have not substantively changed since
their enactment, we cite the current version.