Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB















Opinion issued January 4, 2007






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-05-01143-CR

         
01-05-01144-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CLARENCE B. HONER, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 180th District Court

Harris County,
Texas

Trial Court Cause Nos. 999877 & 999878

 








 



MEMORANDUM OPINION

 

A jury convicted
Clarence Honer of two felony offenses: (1) possession with intent to deliver
ecstasy in an amount weighing more than four grams but less than four hundred
grams[1] and (2)
possession with intent to deliver cocaine in an amount weighing four hundred
grams or more.[2]  The jury assessed punishment at thirty-seven
years’ confinement and a $10,000 fine for the ecstasy offense, and at
thirty-five years’ confinement and a $50,000 fine for the cocaine offense.  Honer raises a single issue on appeal,
contending that the trial court erred in the punishment phase of trial by failing
to sua sponte instruct the jury that it could not consider evidence offered by
the State of extraneous crimes or bad acts unless it believed beyond a
reasonable doubt that Honer had in fact committed the alleged prior crimes or
bad acts.  See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a)(1) (Vernon 2006).  We affirm.

Background

          In
September 2004, during a routine traffic stop near Baytown,
Officer O. Jacobs arrested Honer after discovering 127.91 grams of ecstasy and
991.46 grams of cocaine in the vehicle Honer was driving.  The State indicted Honer on two felony counts
of possession with intent to deliver a controlled substance.  The jury found Honer guilty of both counts.

          During
the sentencing phase, the State called Officer Jacobs to testify.  Jacobs testified that he had asked Honer
about his criminal status while he was driving Honer to the police station.  Honer informed Jacobs that he was on federal
probation for a drug trafficking charge. 
The State also introduced into evidence and played for the jury a
videotape from Jacobs’s patrol car containing a recording of the conversation,
which corroborated Jacobs’s account of Honer’s statements.

          Defense
counsel objected to this evidence on the ground that the conversation between
Honer and Jacobs had occurred too long after Honer received his Miranda[3]
warnings.  The trial court overruled the
objection and allowed the jury to hear the evidence.

          Honer
did not object to the trial court’s charge.  The jury assessed punishment at thirty-seven
years’ confinement and a $10,000 fine for the ecstasy offense, and at thirty-five
years’ confinement and a $50,000 fine for the cocaine offense.  This appeal followed.

Analysis

          Honer
contends that the trial court erred in failing to instruct the jury at sentencing
not to consider evidence offered by the State of extraneous crimes or bad acts
committed by Honer unless it concluded beyond a reasonable doubt that Honer had
committed the alleged crimes or bad acts.[4]  See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1).  Specifically, Honer maintains that the trial
court should have given such an instruction sua sponte because the State
introduced evidence at sentencing of a past drug trafficking offense via
Officer Jacobs’s testimony recounting Honer’s admission and the corresponding
videotape of Honer’s discussion with Jacobs in the police car.  Both Officer Jacobs’s testimony and the videotape
recording of the conversation reflect that Honer told Jacobs that he was
currently on federal probation for a prior drug trafficking offense.  Honer did not request such an instruction,
but he asserts that the trial court’s failure to instruct the jury resulted in
egregious harm.

          Honer
relies on Huizar v. State, in which the Court of Criminal Appeals held
that Texas Code of Criminal Procedure article 37.07, section 3(a) requires
trial courts to give juries a reasonable doubt instruction sua sponte when
evidence of prior extraneous offenses or bad acts is introduced at sentencing.  12 S.W.3d 479, 484 (Tex.
Crim. App. 2000).  Honer, however, fails
to discuss Bluitt v. State, in which the Court of Criminal Appeals
clarified the type of evidence that triggers the requirement for a reasonable
doubt instruction.  137 S.W.3d 51, 54 (Tex.
Crim. App. 2004).

          In
Bluitt, the Court of Criminal Appeals explained that article 37.03,
section 3 requires that the jury be given a reasonable doubt instruction only
for unadjudicated offenses or bad acts. 
Id.  When the State offers evidence of a prior conviction, a reasonable doubt
instruction is not required because “the very fact of conviction is evidence
that the burden of proving guilt beyond a reasonable doubt has already been met
in a prior proceeding.”  Id.  Thus, “[i]f an offense has been subject to
such scrutiny and the burden of proof has been met, . . . it is part of a
defendant’s criminal record, and Art. 37.03, § 3, does not require further
proof of guilt beyond a reasonable doubt.” 
Id.

          In
this case, the State offered evidence indicating that Honer was on probation
for a past drug trafficking offense.  As
the Bluitt court stated, “In any probation, the defendant has plead
guilty or been found guilty by a judge or
jury. . . .  In . . . these circumstances, the burden
of proof has been met.  Thus, . . . no
further proof of guilt is required.”  Id.  Accordingly, we conclude that the trial court
did not err in omitting a reasonable doubt instruction from the jury charge at
sentencing.

 

 

Conclusion

          We
affirm the judgment of the trial court.

          

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1] See Tex. Health & Safety Code Ann. §
481.103(a)(1) (Vernon
Supp. 2006); id. § 481.113(a), (d) (Vernon 2003).

 





[2] See id.
§ 481.102(3)(d) (Vernon
Supp. 2006); id. § 481.112(a), (f) (Vernon 2003).

 





[3] Miranda v. Arizona, 384 U.S.
436, 86 S. Ct. 1602 (1966); see also Tex. Code Crim. Proc. Ann. art. 38.22,
§ 2 (Vernon 2005).

 

 





[4] Although Honer did not object to the jury charge at
trial, “[a]n appellant may raise such unobjected-to charge error on appeal, but
may not obtain a reversal for such error unless it resulted in egregious
harm.”  Bluitt v. State, 137
S.W.3d 51, 53 (Tex.
Crim. App. 2004).