Affirmed and Memorandum Opinion filed February 14, 2008








Affirmed and Memorandum Opinion filed February 14, 2008.                    

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00753-CR

____________

 

MARLON JAMAR JEFFERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1051487

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Marlon Jamar Jefferson, was indicted on the
offense of aggravated robbery.  He entered a written plea of guilty, and
requested that the jury assess punishment.  The jury assessed punishment at
fifteen years= confinement in the Texas Department of Criminal
Justice, Institutional Division, and the trial court sentenced appellant and
entered judgment in accordance with the jury=s verdict.  In his
sole issue on appeal, appellant contends that the trial court erred at the
punishment phase of trial in failing to sua sponte instruct the jury on
the burden of proof for evidence of extraneous offenses or bad acts, as
required by Article 37.07, _ 3(a) of the Texas Code of Criminal
Procedure.  We affirm.

Factual
and Procedural Background

On the night of December 26, 2005, appellant and Olivernal
King entered Jensen Mini Mart, where the complainant, Hung Gia Hua, was working
behind the counter.  After buying a book of matches and leaving the store,
appellant and King returned several minutes later, looked around the store, and
then approached the counter, whereupon appellant pulled out a .38 caliber
revolver and pointed it at the complainant.  Appellant demanded that the
complainant give him money, or else he would shoot.  Instead of complying with
appellant=s demands, the complainant stepped behind a pane of
thick, almost-bulletproof glass surrounding the counter and activated the
alarm, which locked the front doors to the store.  Appellant and King then
attempted to flee the scene, but were unable to exit the store because the
front doors were locked.  Appellant again approached the counter and fired
several shots at the complainant, who then pulled out his own gun, and
apparently returned fire.[1] 
Appellant and King then retreated to an ice cream freezer located alongside the
front counter, outside the protective glass, where they attempted to hide until
officers arrived on the scene several minutes later.  Appellant and King were
arrested, and officers recovered the .38 caliber revolver from inside the ice
cream freezer, where appellant had attempted to hide it.








Appellant was indicted on the offense of aggravated
robbery.  He entered a written plea of guilty, and requested that the jury
assess punishment.  At the punishment phase of trial, the State presented the
testimony of Ana Maria Maldonado, who testified that appellant assaulted her
and her husband on the night of October 28, 2001.  Specifically, Maldonado
described, in detail, the assault and identified a booking photo taken of
appellant immediately after the 2001 incident as that of her assailant.  But, when asked by the prosecutor whether
she recognized appellant as her assailant, Maldonado responded, AHardlyCI think it=s him.  It=s been a while and, like I say, it
was nighttime.  Seems to be him.@  The State then presented the testimony of
Rosa Jefferson, appellant=s mother, who testified that appellant had
been placed on probation in her custody for the misdemeanor offense of assault
in 2001, when appellant was fifteen years old.  Jefferson also identified
appellant as the individual in the booking photo shown to Maldonado.  Finally,
the State introduced into evidence a certified copy of a written stipulation of
evidence and judgment of delinquency for the 2001 misdemeanor assault on
Maldonado and her husband.

After both sides rested and closed, appellant requested
that the trial court not include a reasonable doubt instruction for Aextraneous bad
acts@ in the jury
charge, and the trial court complied. The jury assessed punishment at fifteen
years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and the trial
court sentenced appellant and entered judgment in accordance with the jury=s verdict.  This
appeal followed.

Analysis

In his sole issue, appellant contends that the trial court
erred at the punishment phase of trial in failing to sua sponte instruct
the jury on the burden of proof for evidence of extraneous offenses or bad
acts, as required by Article 37.07, _ 3(a) of the Texas Code of Criminal
Procedure.  Without further explanation, appellant alleges that this error has
caused him egregious harm and denied him a fair and impartial trial, and
therefore urges this Court to reverse the judgment of the trial court and
remand the proceedings for a new punishment hearing.








Conversely, the State contends that, pursuant to the Texas
Court of Criminal Appeals= decision in Bluitt v. State, 137
S.W.3d 51, 54 (Tex. Crim. App. 2004), the trial court committed no error, as a
reasonable doubt instruction is required only for unadjudicated offenses and
bad acts, not for offenses that result in a final conviction, probation, or
deferred adjudication.  Alternatively, the State argues that the doctrine of
invited error precludes appellant from complaining here of the trial court=s failure to
include a reasonable doubt instruction for extraneous offenses or bad acts in
the jury charge at punishment.

Because we agree that the trial court was not required to
include a reasonable doubt instruction for extraneous offenses or bad acts in
the jury charge at punishment, we overrule appellant=s sole issue.

A.      Applicable
Law

Article 37.07, _ 3(a) of the Code of Criminal
Procedure provides that, after a finding of guilt, evidence may be offered by
either party as to any matter that the court deems relevant to sentencing,
including but not limited to (1) the prior criminal record of the defendant;
(2) the general reputation of the defendant; (3) the character of the
defendant; (4) an opinion regarding the reputation of the defendant; (5) the
circumstances of the offense on trial; and (6) extraneous offenses and bad acts
that are shown beyond a reasonable doubt to have been committed by the defendant
or for which he could be held criminally responsible. Tex. Code Crim. Proc. art. 37.07, _ 3(a)(1); Bluitt,
137 S.W.3d at 54.  This includes evidence of an adjudication of delinquency
based on a violation by the defendant of the penal law of the grade of a
felony, or a misdemeanor punishable by confinement in jail. Tex. Code Crim. Proc. art. 37.07, _ 3(a)(1)(A), (B).








The Texas Court of Criminal Appeals has held that a
reasonable doubt instruction is not required in the jury charge at punishment
when the evidence of the defendant=s criminal
behavior is in the form of prior offenses that have been subjected to judicial
testing under the proper burden, i.e., proof beyond a reasonable doubt, and
that burden has been met. Bluitt, 137 S.W.3d at 54.  In Bluitt,
the Court explained:

While the prior convictions must be
properly proved, to require that prior convictions be re-proved beyond a
reasonable doubt would be an absurd result, as the very fact of conviction is
evidence that the burden of proving guilt beyond a reasonable doubt has already
been met in a prior proceeding.  The critical issue is that testing of the
proof.  If an offense has been subject to such scrutiny and the burden of proof
has been met, regardless of whether the judicial proceeding concluded with a
final conviction, it is part of a defendant=s criminal record,
and Art. 37.03, _ 3, does not require further proof of guilt beyond a
reasonable doubt.

Id.
 The
Court further specified that where an offense has resulted in a final
conviction, probation, or deferred adjudication, the burden of proof has been
met, and no further proof of guilt is required. Id.

B.      Application
of Law to the Facts

Here, appellant=s 2001 misdemeanor
assault on Maldonado and her husband resulted in a judgment of delinquency and
the imposition of probation.  In order to find appellant guilty of that
offense, the trial court in that case was required to, and did, find that the
evidence demonstrated beyond a reasonable doubt that appellant committed the
conduct in question. See Tex.
Fam. Code _ 54.03(f); see also In re Winship, 397 U.S.
358, 368 (1970); In re G.M.P., 909 S.W.2d 198, 201 (Tex. App.CHouston [14th
Dist.] 1995, no writ).  That offense was therefore subject to judicial testing
under the proper burden, i.e., proof beyond a reasonable doubt, and that burden
was met.  Therefore, in the present case, the trial court was not required to
include a reasonable doubt instruction for this offense in the jury charge at
punishment.   We overrule appellant=s sole issue.[2]








Conclusion

Finding no error in the trial court=s judgment, we
affirm.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 14, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  There was conflicting testimony presented at trial
as to whether the complainant actually fired at appellant and King.  On direct
examination, the complainant testified that he actually fired his weapon at the
front doors of the store in an attempt to prevent unwitting customers from
entering the store during the robbery.  However, Officer Castro, the first
officer to arrive on the scene, testified on direct examination that the
complainant informed him immediately after the incident that he returned fire
at appellant and King.





[2] The State correctly notes that another ground exists
for affirming the judgment of the trial court:  the doctrine of invited error. 
The Texas Court of Criminal Appeals has held that where a party affirmatively
seeks action by the trial court, that party cannot later contend that the
action was error. Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App.
1999).  This rule is expressly applicable to the improper submission of jury
charges at the punishment phase of a criminal trial. Id.  Thus, because
appellant affirmatively requested that the trial court not include a reasonable
doubt instruction for extraneous offenses and bad acts in the jury charge on
punishment, he is estopped here from complaining of the trial court=s omission of that instruction.