**Affirm and Opinion Filed July 30, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01315-CR**

**ODIS C. BANKS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-59004-Q**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion by Justice Bridges

Odis C. Banks appeals his aggravated assault conviction. A jury convicted appellant and sentenced him to ninety-nine years' confinement and a $10,000 fine. In a single point of error, appellant argues the trial court erred in failing to instruct the jury that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that appellant committed those offenses. We affirm the trial court's judgment.

On July 31, 2010, Monica Pearson called appellant because her "daughter needed some medicine." At the time, Pearson was in an "open relationship" with appellant in which appellant bought drugs for Pearson in exchange for sex. Appellant picked up Pearson, took her to the "drug house and went to his house." Pearson "did [her] drug and [she and appellant] got

---

[1] The Hon. Martin Richter, Justice, Assigned

intimate." After having sex, Pearson and appellant walked outside and saw a mailman. Pearson was "ready to go," but the mailman wanted to play dominos. Pearson "had a fit because I was ready to go." In the course of her "fit," Pearson took the seat covers off the seats in appellant's car. Appellant got up, got a tree branch from a downed tree, and began hitting Pearson with the branch. Appellant said he would "kill" Pearson and "beat [her] ass." During the assault, which lasted "probably thirty minutes," the mailman was "sitting down, just sitting." Appellant stopped beating Pearson when his cell phone started ringing, and he answered it. Pearson called 911 using her cell phone. Appellant "start[ed] acting normal" and was "ready to take [Pearson] home." Pearson got in the car with appellant because she was "ready to go. It was hot, and [she] was just ready to go home." Appellant and Pearson drove away, but police arrived and pulled appellant over. Police took pictures of Pearson's bruises caused by appellant hitting her with a stick. Pearson's arm, thigh, and calf were swollen, and her pinky was "split." Appellant was subsequently charged with aggravated assault, enhanced with prior aggravated assault and murder convictions. A jury found appellant guilty and sentenced him to life imprisonment. This appeal followed.

In a single issue, appellant argues the trial court erred at the punishment phase in failing to instruct the jury that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that appellant committed those offenses. Specifically, appellant complains State's Exhibit 8, the judgment and sentence from his prior murder conviction, also contained five pages of disciplinary reports from his time in the penitentiary. Appellant points out the jury was given "no guidance about how or even whether to consider these extraneous incidents." There was no testimonial evidence presented at the punishment phase of trial, Appellant argues this lack of other evidence "makes the disciplinary reports appear more

prominent and significant" and made the State's case at punishment "significantly more persuasive."

A trial court is not required to instruct the jury that prior convictions must be proved beyond a reasonable doubt. *Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). To require that prior convictions be re-proved beyond a reasonable doubt would be an absurd result, as the very fact of conviction is evidence that the burden of proving guilt beyond a reasonable doubt has already been met in a prior proceeding. *Id.* Thus, as to the murder conviction established by State's Exhibit 8, no reasonable doubt instruction was required. *See id.*

To the extent appellant complains of the inclusion of disciplinary reports from appellant's time in the penitentiary without a reasonable doubt instruction, we note appellant did not object to the admission into evidence of State's Exhibit 8 and did not request an instruction requiring the jury to consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that appellant committed those offenses. However, a reasonable doubt instruction regarding extraneous offense evidence is "law applicable to the case" and therefore must be given at punishment, even if not requested. *Huizar v. State*, 12 S.W.3d 479, 483-84 (Tex. Crim. App. 2000). Here, appellant did not object to the alleged error in the charge or the admission of State's Exhibit 8, so we must decide whether the error, if any, was so egregious and created such harm that he did not have a fair and impartial trial – in short, whether "egregious harm" has occurred. *Brown v. State*, 45 S.W.3d 228, 230 (Tex. App.—Fort Worth 2001, pet. ref'd).

The disciplinary reports attached to State's Exhibit 8 show appellant (1) possessed dominoes belonging to another inmate, (2) use of indecent/vulgar language, (3) having dirty bars on his cell, (4) failing to "make the turnout for AM school with the rest of the students" and not having a "medical lay-in," and (5) responding "No, I will not" when asked to "help cook meat on the grill. The evidence of prior convictions showed appellant had previously committed murder

–3–

and aggravated assault. Thus, the jury, having already found appellant guilty of aggravated assault, was able to consider his commission of a prior murder and aggravated assault in assessing punishment. Assuming without deciding that the disciplinary reports constituted "extraneous offenses" and the trial court erred in failing to give a reasonable doubt instruction regarding them, we conclude such error, if any, was not so egregious that appellant did not have a fair and impartial trial. *See id.* We overrule appellant's point of error.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111315F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ODIS C. BANKS, Appellant

No. 05-11-01315-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-59004-Q.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of July, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE