

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00101-CR

**JAMES EDWARD JONES,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D34884-CR

## MEMORANDUM OPINION

James Edward Jones was convicted of burglary of a habitation and sentenced to 18 years in prison. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). In three issues, Jones contends he was egregiously harmed by the trial court's failure to include three instructions in its charge on punishment to the jury. Because Jones was not egregiously harmed, we affirm the trial court's judgment.

**BACKGROUND**

Jones was accused of burglarizing a camper/trailer in which Walter Hartsfield and

his wife would stay in overnight on most weekends. Two accomplices testified as to Jones's involvement in the burglary. Two other witnesses testified that Jones and one of the accomplices sold televisions to them which were stolen from the camper/trailer.

**PUNISHMENT INSTRUCTIONS**

At the punishment phase of a trial, the trial court is required to include certain instructions in the charge to the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, secs. 3 & 4 (West 2006). Jones asserts that three of these required instructions were omitted from the charge to the jury at the punishment phase of his trial: the parole and good time instruction, *see id*. sec. 4(c); the unanimous verdict instruction, *see id*. sec. 3(c); and the extraneous offense/belief beyond a reasonable doubt instruction, *see id*. sec. 3(a)(1).

The State concedes that the jury charge was erroneous in that it omitted the parole/good conduct time instruction and the unanimous verdict instruction. We agree. *See Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002) (parole/good conduct time instruction); *Sanchez v. State*, 23 S.W.3d 30, 34 (Tex. Crim. App. 2000) (explaining that article 37.07, § 3(c) requires the jury to unanimously agree as to the amount of punishment for the purpose of ensuring "thorough jury deliberation does not cease once a simple majority is achieved…").

The State does contest the necessity of the extraneous offense/beyond a reasonable doubt instruction, arguing no extraneous offense evidence was admitted during the punishment phase of the trial. However, at the end of Jones's testimony, he pointed to an affidavit prepared by Amanda Henderson, an accomplice, in which she took responsibility for an extraneous burglary, evidence of which was admitted during

guilt/innocence, and informed the jury that "what she wrote here ain't true." On cross-examination, the State asked Jones if he just told the jury that he committed the extraneous burglary for which Amanda had taken responsibility. Jones replied, "She lied about that. She didn't do it. I did, yes." Accordingly, because one of the complained-of extraneous offenses was admitted in the punishment phase of Jones's trial, the trial court was required to instruct the jury on the reasonable doubt standard of proof concerning the extraneous offense. *Allen v. State*, 47 S.W.3d 47, 50 (Tex. Crim. App. 2001); *Huizar v. State*, 12 S.W.3d 479, 483, 484 (Tex. Crim. App. 2000) (op. on reh'g). Because the trial court omitted the instruction, it erred.

*Egregious Harm*

Jones admits he made no objections to any of the complained-of omissions; and the State does not disagree.[1] Under *Almanza v. State*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App.

---

[1] We cannot confirm that no objections were made to the charge on punishment because our record does not include the charge conference at punishment. Because the State does not contest Jones's admission, we assume it is correct.

2006).  The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.  *Almanza*, 686 S.W.2d at 174; *Allen v. State*, 47 S.W.3d 47, 51 (Tex. App.—Fort Worth 2001, pet. ref'd).

*Application*

Although the punishment charge consisted of only a few paragraphs, the charge on guilt/innocence contained the appropriate definitions and instructions for the offense, including extraneous offense/reasonable doubt and unanimous verdict instructions.  At guilt/innocence, Jones's theory was that, because of his mental health disorders and the violent nature of Amanda, Jones was not capable of committing the offense, but Amanda was capable of committing the offense and blaming Jones for it.  At the punishment phase, the State introduced a long list of convictions Jones received over the years without objection from Jones.  Those convictions included burglary, false report, theft, criminal mischief, criminal trespass, DWI, driving while license invalid, possession of marijuana, possession of a controlled substance in a correctional facility, and violation of the Clean Air Act (burning copper).  Because they were convictions and not unadjudicated extraneous offenses, they did not require further proof of Jones's guilt beyond a reasonable doubt.  *See Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004).  Jones also admitted to being arrested for domestic violence and admitted to committing the complained-of extraneous burglary.

Further, there was nothing in the record that shows the jury inquired about or considered the effects of parole law or good conduct time.  And, when the jury returned its verdict on punishment, the trial court confirmed that the verdict was unanimous.

Although Jones argues that, based on *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005), he was actually harmed due to the lack of a unanimity instruction, the State distinguished *Ngo*, stating that unlike in *Ngo*, the trial court in this case did not specifically state, and the prosecutor did not argue, that a unanimous punishment verdict was not required.[2]

**CONCLUSION**

Based on this record, we cannot say that Jones was egregiously harmed by the omitted instructions. Accordingly, Jones's three issues are overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 31, 2018
Do not publish
[CR25]



---

[2] The Court's record does not include the punishment charge conference, the reading of the charge, or the arguments of counsel. Jones does not dispute the State's characterization of the State's argument; thus, we accept the State's characterization.