Opinion issued September 28, 2006













     




In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00141–CR




CODY LEE OURSBOURN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 969321



 
DISSENTING OPINION

          Because the majority, in its discussion of appellant’s second issue, fails to
follow the well-established precedent of Almanza v. State, 686 S.W.2d 157 (Tex.
Crim. App. 1985), and erroneously concludes that there is “no error in the charge” in
this case, I respectfully dissent.
          In his second issue, appellant, Cody Lee Oursbourn, contends that “egregious
harm resulted when the trial court failed to provide jury instructions sua sponte
pursuant to article 38.22, section 6, and article 38.23 [of the Texas Code of Criminal
Procedure] , where a factual dispute existed regarding the voluntariness of appellant’s
statement.” See Tex. Code Crim. Proc. Ann. arts. 38.22, § 6; 38.23(a) (Vernon
2005). In his motion to suppress his statement, appellant argued that he was not
“competent to understand” his legal rights and “knowingly and voluntarily waive”
those rights. See Tex. Code Crim. Proc. Ann. art. 38.22, § 2. As noted by the
majority, the record does in fact reveal that “there was evidence presented before the
jury that appellant was in pain, was lied to about the evidence against him, and
displayed characteristics of being in a vulnerable mental state due to his bipolar
disorder.” 
Standard of Review
          The Texas Code of Criminal Procedure provides that in each felony case, the
trial court “shall . . . deliver to the jury . . . a written charge distinctly setting forth the
law applicable to the case.” Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.
2005). It also provides that whenever a trial court disregards the code’s jury charge
requirements, “the judgment shall not be reversed unless the error appearing from the
record was calculated to injure the rights of defendant, or unless it appears from the
record that the defendant has not had a fair and impartial trial.” Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 1981). 
          The Texas Court of Criminal Appeals has stated that article 36.19’s clause, “or
unless it appears from the record that the defendant has not had a fair and impartial
trial,” is a “legislative recognition and acceptance of the fundamental error doctrine.” 
Almanza, 686 S.W.2d at 172. In Almanza, the Court explained,
Construed this way, the statute says that one reason to reverse for error
in the charge arises if the error, having been properly objected to at trial
is harmful and therefore “calculated to injure the rights of the
defendant.” An independent basis for reversal arises if the error, even
though not timely objected to, is so egregious and creates such harm that
it deprives the accused of a “fair and impartial trial.” 

Id. As recently noted by the Court of Criminal Appeals,
Our case law is clear that when there is jury-charge error, whether
objected to or not objected to, the standard for assessing harm is
controlled by Almanza.

Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004).
          Thus, in analyzing a jury charge issue, an appellate court’s first duty is to
decide whether error exists. Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim.
App. 2003). If error exists, the court then analyzes that error for harm. Id. The
degree of harm necessary for reversal depends upon whether the defendant preserved
the error by objection. Id. Reversal is required for a jury charge error when the
defendant has properly objected to the charge and the appellate court finds “some
harm” to his rights. Almanza, 686 S.W.2d at 171. However, where, as here, a
defendant fails to object to or states that he has no objection to the charge, the court
will not reverse unless the error was so egregious and created such harm that the
defendant did not have a fair trial. Bluitt, 137 S.W.3d at 53; Almanza, 686 S.W.2d
at 171. Thus, appellate courts review alleged charge error by considering (1) whether
error existed in the charge and (2) whether sufficient harm resulted from the error to
compel reversal. See Posey v. State, 966 S.W.2d 57, 60 & n.5 (Tex. Crim. App.
1998).         
Article 38.22 and 38.23 Jury Instructions
          In regard to appellant’s complaint about the voluntariness of his statement,
section 3 of article 38.22 provides that an accused’s oral statements “made as a result
of custodial interrogation” are inadmissible against the accused in a criminal
proceeding unless “an electronic recording . . . is made of the statement” and, “prior
to the statement but during the recording, the accused is given the legal warnings in
Subsection (a) of section 2 [of article 38.22]” and “the accused knowingly,
intelligently, and voluntarily waives any rights set out in the warning.”


 Tex. Code
Crim. Proc. Ann. art. 38.22, § 3(a)(1), (2). 
                                           When a question is raised as to the voluntariness of an accused’s statement,
section 6 of article 38.22 requires the trial court to “make an independent finding in
the absence of the jury as to whether the statement was made under voluntary
conditions.” Tex. Code Crim. Proc. Ann. art. 38.22, § 6. If the trial court finds that
the statement has been voluntarily made and holds it admissible as a matter of law,
“the court must enter an order stating its conclusion as to whether or not the statement
was voluntarily made, along with the specific finding of facts upon which the
conclusion was based.” Id. If the trial court finds as a matter of law and fact that the
statement was voluntarily made, “evidence pertaining to such matter may be
submitted to the jury and it shall be instructed that unless the jury believes beyond a
reasonable doubt that the statement was voluntarily made, the jury shall not consider
such statement for any purpose nor any evidence obtained as a result thereof.” Id. 
          Moreover, article 38.23 provides that “[n]o evidence obtained by an officer or
other person in violation of any provisions of the Constitution or laws of the State of
Texas, or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case.” Tex.
Code Crim. Proc. Ann. art. 38.23(a). It also provides that “where the legal evidence
raises an issue hereunder, the jury shall be instructed that if it believes, or has a
reasonable doubt, that the evidence was obtained in violation of the provisions of this
Article, then and in such event, the jury shall disregard any such evidence so
obtained.” Id. art. 38.23(b).
          Here, in his motion to suppress his statement, appellant expressly argued that
he was not “competent to understand” his legal rights and “knowingly and voluntarily
waive” those rights. After a hearing on the motion, the trial court concluded
otherwise and denied appellant’s motion, but failed to make the appropriate findings
of fact and conclusions of law required by section 6 of article 38.22.


 Subsequently,
as acknowledged by the majority, the evidence presented to the jury at trial raised
factual issues as to appellant’s mental capacity to voluntarily make a statement and
whether he in fact waived his legal rights. 
          Thus, as the trial court clearly erred in failing to enter the appropriate findings
of fact and conclusions of law required by section 6 of article 38.22, I would hold that
it further erred in failing to instruct the jury that unless it “believed beyond a
reasonable doubt” that appellant’s statement was “voluntarily made,” it could “not
consider such statement for any purpose nor any evidence obtained as a result
thereof.” See Tex. Code Crim. Proc. Ann. art. 38.22, § 6. Likewise, I would hold
that it erred in failing to provide the jury with an instruction as required by article
38.23. As recently noted by the Court of Criminal Appeals,
Based upon our holding in Almanza, . . . that unobjected-to jury-charge
error warrants reversal only when the error results in egregious harm, we
have held that the question of whether the defendant has preserved
jury-charge error is relevant only if there is a determination that error
actually occurred. Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim.
App. 1986). Thomas also acknowledged that Article 38.23 provides in
mandatory terms “that a jury is to be instructed to resolve factual
disputes over whether evidence was illegally obtained and, therefore,
inadmissible.” Id. We have more recently reiterated that “an Article
38.23 instruction must be included in the jury charge only if there is a
factual dispute about how the evidence was obtained.” Garza v. State,
126 S.W.3d 79, 85 (Tex. Crim. App. 2004). Thus, if a defendant raises
a factual dispute about whether evidence was illegally obtained, an
Article 38.23 instruction must be included in the jury charge.

Pickens v. State, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005). 
Egregious Harm
          As noted above, where, as here, a defendant fails to object to or states that he
has no objection to the charge, an appellate court will not reverse unless the error was
so egregious and created such harm that the defendant did not have a fair trial. Bluitt,
137 S.W.3d at 53; Almanza, 686 S.W.2d at 171. 
          Under the well-settled Almanza egregious harm standard, the record must show
that a defendant has suffered actual, rather than merely theoretical, harm from jury
instruction error. 686 S.W.2d at 174. Egregious harm consists of errors affecting the
very basis of the case or that deprive the defendant of a valuable right, vitally affect
a defensive theory, or make the case for conviction or punishment clearly and
significantly more persuasive. Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim.
App. 1991). Egregious harm is a difficult standard to prove and must be determined
on a case-by-case basis. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002). 
To determine whether a defendant has sustained egregious harm from a non-objected-to instruction, appellate courts consider (1) the entire charge; (2) the state of the
evidence, including contested issues; (3) arguments of counsel; and (4) any other
relevant information. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). 
          Although appellant argues that without the article 38.22 and article 38.23
instructions, “there was no mechanism for the jury to disregard appellants statement
should they [have] found it involuntary,” the State, in its briefing to this Court, does
not address the issue of harm. 
          Here, the crucial fact is that the only evidence directly connecting appellant to
the offense of aggravated robbery was his incriminating statement. Neither the
complainant nor any of the witnesses to the offense could identify appellant, in either
a photographic array or a live line-up, as the man who actually took the complainant’s
car from her at gunpoint. Moreover, given the factual dispute as to the voluntariness
of appellant’s statement, the State was actually relieved of its burden of proving
beyond a reasonable doubt that appellant voluntarily made his statement. See Tex.
Code Crim. Proc. Ann. art. 38.22, § 6. Likewise, given the fact issues, it was
relieved of its burden of proving beyond a reasonable doubt that the statement was
legally obtained. See Tex. Code Crim. Proc. Ann. art. 38.23. 
          The trial court’s errors in failing to provide the jury with the appropriate article
38.22 and article 38.23 instructions did affect the very basis of the case against
appellant and made the case for conviction clearly and significantly more persuasive. 
Accordingly, I would hold that appellant suffered egregious harm from the trial
court’s errors and sustain appellant’s second issue. Conclusion
          The trial court erred in failing to instruct the jury, pursuant to article 38.22, 
that unless it “believed beyond a reasonable doubt” that appellant’s statement was
“voluntarily made,” it could “not consider such statement for any purpose nor any
evidence obtained as a result thereof.” It also erred in failing to further provide the
jury with an instruction as required by article 38.23. Because the trial court’s errors
resulted in egregious harm to appellant, I would reverse the judgment of the trial
court and remand the case back to the trial court for a new trial.
 
 
                                                                                  Terry Jennings
                                                                                  Justice  



Panel consists of Justices Jennings, Hanks, and Higley. 

Justice Jennings, dissenting.

Publish. See Tex. R. App. P. 47.2(b).