**Affirmed as Modified and Memorandum Opinion filed March 1, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00812-CR

---

### RICARDO VALDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1513682**

---

## MEMORANDUM OPINION

In this appeal from a conviction for assault of a family member, the sole question presented is whether the trial court reversibly erred during the punishment phase of trial when the trial court failed to give a reasonable-doubt instruction with respect to certain extraneous offenses. Finding no such reversible error, we overrule this issue. However, because we have discovered clerical errors in the judgment that are capable of reformation, we modify the judgment to correct the clerical errors and affirm the judgment as so modified.

## BACKGROUND

Appellant was charged with assaulting the complainant, with whom he was alleged to have had a dating relationship. The charging instrument further alleged that appellant had previously been convicted of another assault involving a family member.

The case proceeded to a trial by jury, where appellant was present during voir dire, but during none of the proceedings thereafter. The trial court determined that appellant's absence was voluntary, and the trial court entered a plea of not guilty on appellant's behalf.

The complainant did not testify during the trial, but there was still direct evidence of the assault. A neighbor testified that he heard the complainant screaming in the parking lot of their apartment complex, and when he moved to investigate, the neighbor said that he saw a man punching the complainant in her face. The neighbor identified the man in court as appellant, using one of appellant's booking photos.

First responders testified that the complainant had a laceration to her chin and redness to her cheek. Other witnesses, including a fingerprint expert, established that appellant had a prior conviction for assault.

Defense counsel argued that the jury should acquit appellant because there was some testimony that he might have been defending his daughter from an attack by the complainant, but the jury rejected that defensive theory and convicted appellant as charged.

During the punishment phase, the prosecution sought to enhance the range of punishment with a prior felony conviction for robbery. Because appellant was still absent, the trial court entered a plea of not true as to that enhancement allegation. The prosecution produced evidence of the robbery conviction and more than a dozen

other extraneous offenses. The jury found the enhancement allegation to be true and assessed punishment at twenty years' imprisonment and a fine of ten thousand dollars, which was the statutory maximum.

The trial court formally pronounced the sentence more than two years later in appellant's presence, after he was rearrested on two other felony offenses. This appeal followed.

## REASONABLE-DOUBT INSTRUCTION

Evidence may be offered during the punishment phase of trial "as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant . . . regardless of whether he has previously been charged with or finally convicted of the crime or act." *See* Tex. Code Crim. Proc. art. 37.07, § 3(a)(1).

The prosecution here produced evidence that appellant had a lengthy criminal record. This evidence included nineteen judgments of conviction, which showed that appellant had previously pleaded guilty to one second degree felony (for robbery); eight state jail felonies (four for burglary of a motor vehicle, one for credit card abuse, two for possession of cocaine, and one for attempted deadly conduct); nine class A misdemeanors (one for assault of a family member, one for simple assault, two for assault causing bodily injury, two for burglary of a motor vehicle, one for criminal mischief, and two for violations of a protective order); and one class B misdemeanor (for possession of marijuana). The prosecution proved that appellant was the person named in these judgments primarily through fingerprint comparisons. But because some of the fingerprints in the judgments could not be verified, the

prosecution proved appellant's identity by resorting to fingerprint comparisons in jail cards and arrest records.

These other documents indicated that appellant had been arrested for additional offenses for which there was no judgment of conviction. These unadjudicated offenses included another burglary of a motor vehicle, another violation of a protective order, another possession of marijuana, and an injury to a child. The prosecution produced no other evidence regarding these unadjudicated offenses.

These documents further indicated that appellant had been arrested on a motion to revoke his parole. But again, there was no other evidence specifically regarding this arrest.

The prosecution also produced evidence about a previous assault that appellant had allegedly committed against the same complainant as in the charged case. This other evidence included the charging instrument, live testimony from the officer who responded to the dispatch, and photographs of the assault. But as with the other evidence of unadjudicated offenses, there was no corresponding judgment of conviction.

The trial court submitted its punishment charge to the jury with only a single reasonable-doubt instruction pertaining to the enhancement allegation for the prior adjudicated robbery. There was no reasonable-doubt instruction for any of the other extraneous offenses. Defense counsel did not object to the omission of another reasonable-doubt instruction, but appellant now argues that the instruction was required and that its omission was reversible.

We review a complaint of charge error under a two-step process, considering first whether error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App.

4

2005). If error does exist, we then analyze that error for harm under the procedural framework of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

Appellant correctly observes that a reasonable-doubt instruction was not required for the extraneous offenses that had resulted in judicial adjudications. *See Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). Because the burden of proof had already been met in those previous adjudications, no further proof of guilt beyond a reasonable doubt was necessary in the current trial. *Id.* Thus, the trial court did not err by failing to give a reasonable-doubt instruction for the extraneous offenses addressed in the nineteen judgments of conviction.

But as to the unadjudicated offenses, the trial court was required to provide a reasonable-doubt instruction sua sponte, and its failure to do so was erroneous. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). Because defense counsel did not object to the omission of the instruction, the *Almanza* framework instructs us that the conviction can only be reversed upon a showing of egregious harm. *See Almanza*, 686 S.W.2d at 171.

Harm is egregious when the error makes the case for punishment clearly and significantly more persuasive. *See Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). When deciding whether the defendant suffered egregious harm under this standard, we consider the entirety of the jury charge, the state of the evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

***The Jury Charge.*** As stated earlier, the punishment charge contained a reasonable-doubt instruction, but it was specifically tied to the enhancement allegation for robbery. There was no comparable instruction for the evidence of unadjudicated offenses. Nevertheless, the charge still provided that the burden of

proof always rests with the prosecution and never shifts to the defense. This factor does not weigh greatly in favor of finding egregious harm.

***The State of the Evidence.*** There was not much factual discussion of the unadjudicated offenses, other than the alleged assault against the same complainant. As to that offense, there was live testimony from the officer who was dispatched to the scene, as well as pictures documenting the complainant's injuries. The jury had a substantial basis for believing beyond a reasonable doubt that appellant was responsible for that assault. The evidence showed that appellant and the complainant had been in a dating relationship. The evidence also showed that the unadjudicated assault occurred in appellant's vehicle and at the same location as the charged offense.

Even if there was some doubt as to whether appellant had been responsible for the unadjudicated assault, there was still evidence that appellant had a lengthy criminal record, including nine adjudicated felonies. Based on that criminal record alone, the jury already had a substantial basis for assessing a strict punishment. This factor does not weigh in favor of finding egregious harm.

***The Arguments of Counsel.*** Defense counsel told the jury that he would have liked to have shown that appellant was redeemable, but counsel said that he lost that opportunity because appellant was absent during the trial and because his family did not appear to testify on his behalf. Nevertheless, counsel implored the jury to assess the minimum sentence because, as he claimed, appellant was not the monster that his criminal record suggested, and because he had eleven children with the complainant.

The prosecution asked for the maximum sentence. The prosecution said that appellant's assault was brazen because it was committed out in the open, in front of the complainant's mother, with the complainant screaming at the top of her lungs.

6

The prosecution also emphasized appellant's lengthy criminal record and "the fact that he continues to do this over and over and over again." The prosecution characterized appellant as a shameless person who committed crimes against family members and total strangers.

The prosecution also highlighted an arrest that did not result in a conviction. The arrest was for injury to a child—in particular, appellant's own daughter. The prosecution said that the charge was dismissed at the request of the daughter, and that the jury should consider that the daughter and her family were living in fear of appellant.

Appellant contends in his brief that the prosecution's argument was speculative, but it was actually based on the evidence. The record included the charging instrument for injury to a child, as well as a motion to dismiss that instrument at the "request of complaining witness." There was also testimony during the guilt stage of trial about the cycle of violence and how certain victims recant their allegations and refuse to testify out of fear of more violence. The prosecution's closing argument was a fair summation of this evidence.

This factor does not weigh in favor of finding egregious harm either.

***Other Relevant Information.*** The jury assessed the maximum punishment allowable by statute, with a twenty-year term of imprisonment and a fine of ten thousand dollars. Appellant argues that this punishment demonstrates egregious harm, but the punishment is commensurate with the severity of the charged assault and the pattern of crime already committed by appellant. The jury was also aware that appellant had jumped bail and that a warrant had been issued for his arrest. The jury could have reasonably determined from his absence that appellant was remorseless, that he had not accepted responsibility for his actions, and that he was therefore deserving of the maximum punishment.

Altogether, we conclude that the record does not establish that appellant suffered egregious harm because the omission of the reasonable-doubt instruction did not make the case for punishment clearly and significantly more persuasive.

## CLERICAL ERRORS

The judgment recites that appellant was charged with two enhancement allegations, that he pleaded true to both of them, and that the jury found that each allegation was true. The record does not support this recitation. Appellant was only charged with one enhancement allegation, not two. And the trial court entered a plea of not true on appellant's behalf because appellant had voluntarily absented himself from the trial.

Appellant did not complain of these clerical errors in his brief, but we have the authority "to make the record speak the truth." *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We therefore modify the judgment to reflect that appellant pleaded not true to the first enhancement allegation and that there was no pleading or finding as to a second enhancement allegation.

## CONCLUSION

The judgment is affirmed as so modified.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.
Do Not Publish – Tex. R. App. P. 47.2(b).